951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith D. GILBERT, d/b/a Ar-Ya Computer Center and Discount
Computer Center, Plaintiff-Appellant,
v.
SECRETARY OF STATE; State Tax Commission; Glen E. Walker;
Arvon J. Arave; et al, Defendants-Appellees.
 Nos. 89-35699, 89-35700.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Dec. 24, 1991.
 
 Before WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert challenges the transfer of venue from the Eastern District of Washington to the District of Idaho, as well as the district court's dismissal of his RICO claim as frivolous under 28 U.S.C. § 1915(d). He also appeals the district court's order restricting his future filings. We affirm the dismissal of the RICO claim and remand the case to give Gilbert notice and an opportunity to challenge the part of the order limiting his future filings.
 
 I. Transfer of Venue
 
 3
 For purposes of venue, if the facts are undisputed, a determination of where the claim arose is a question of law reviewable de novo. Central Valley Typographical Union, No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir.1985). However, we review the district court's decision to transfer or dismiss an action improperly venued for an abuse of discretion. Id.
 
 
 4
 Gilbert challenges the transfer of venue from the Eastern District of Washington to the District of Idaho on the grounds that he planned to move to Eastern Washington after his release from prison. Under the applicable venue provisions, however, the defendant's residence may be relevant, but the plaintiff's residence clearly is irrelevant.
 
 
 5
 The RICO venue provision, 18 U.S.C.A. § 1965(a) (1984), states:
 
 
 6
 Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
 
 
 7
 The general venue provision, 28 U.S.C.A. § 1391(b) (1976), provides:
 
 
 8
 A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.
 
 
 9
 Under either of these venue provisions, venue was not proper in the Eastern District of Washington and was proper in the District of Idaho. There is no indication that any of the defendants resided in the Eastern District of Washington, had agents there, or conducted any transactions there. All of the defendants apparently reside in Idaho. Moreover, there is no indication that any of the actions alleged in the complaint took place in the Eastern District of Washington. All of the alleged claims arose in Idaho. Thus, it was a proper exercise of discretion to transfer venue from the Eastern District of Washington to the District of Idaho.
 
 
 10
 II. Dismissal of the RICO Action as Frivolous
 
 
 11
 Gilbert claims that the district court's dismissal of his RICO action as frivolous was error. We conclude, however, that the district court's dismissal was proper. A court may dismiss a case brought in forma pauperis if the case is frivolous. 28 U.S.C.A. § 1915(d) (1966). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review a case de novo to determine whether the complaint was frivolous under section 1915(d). Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 12
 Gilbert's action does not have a basis in law or fact. For a defendant to be liable under RICO he must have committed one of the predicate acts listed in 18 U.S.C.A. § 1961(1) (1984 Supp.1991). As the district court noted, the only one of Gilbert's many allegations that could possibly constitute a predicate act is the allegation relating to the federal food commodities program. Even assuming the food commodities claim includes a predicate act, Gilbert has not alleged facts that would give him standing to bring this action. A plaintiff has standing to bring a civil RICO action only if the conduct constituting the violation has injured the plaintiff's property or business. 18 U.S.C.A. § 1964(c) (1984); Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). Gilbert has alleged damage to his computer business in Washington. However, there is no causal connection between any of the alleged damage to Gilbert's computer store and the alleged commodities fraud. Thus, Gilbert had no standing to bring this RICO action, and therefore had no basis in law or fact for bringing this action.
 
 
 13
 III. The Limitations on Gilbert's Future Filings
 
 
 14
 When the district court dismissed Gilbert's case, it also ordered that
 
 
 15
 [T]he clerk of this court will not permit Gilbert to file any new suit, or accept any new suit for filing from Gilbert, unless Gilbert certifies under oath or affirmation (1) that the suit is filed in good faith; (2) that true and correct copies of the complaint or petition commencing the suit have been delivered, by mail or otherwise, to all prospective defendants prior to delivery of such pleading to the clerk of this court; (3) that such prospective defendants have been notified that such copies of such complaint or petition are being provided to them pursuant to this order; and (4) that the claims stated in the proposed suit have not been the subject of any prior litigation in which Gilbert has appeared as a plaintiff, unless such prior litigation was dismissed without prejudice.
 
 
 16
 We review the district court's order placing restrictions on Gilbert's future filings for an abuse of discretion. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir.1984).
 
 
 17
 In De Long, which was filed after the district court's order in this case, we set forth the following guidelines for determining when a court has abused its discretion in limiting a plaintiff's future filings: (1) the plaintiff must be given notice and an opportunity to oppose the order before it is entered; (2) the trial court must provide an adequate record for review, including a listing of all the cases and motions that led the district court to enter the order; (3) the district court must make substantive findings regarding the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to closely fit the plaintiff's specific abuses. De Long, 912 F.2d at 1147-49.
 
 
 18
 In Gilbert's case, the district court did make findings regarding the frivolous nature of Gilbert's actions, finding that Gilbert had simply gathered his prior frivolous cases and, in bad faith, put them into one RICO claim. However, there is no indication that Gilbert was given notice and an opportunity to oppose the order. Therefore, we remand to give Gilbert the opportunity to oppose the order.
 
 
 19
 The district court's dismissal of the case is affirmed. The part of the order limiting Gilbert's future filings is vacated and remanded.
 
 
 20
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3