**Jarek MOLSKI et al., Plaintiffs,**

v.

**RAPAZZINI WINERY**
**et al., Defendants.**

**No. C–04–1881 PVT.**

United States District Court,
N.D. California,
San Jose Division.

April 6, 2005.

Thomas E. Frankovich, Jennifer L. Steneberg, Thomas E. Frankovich, PLC, San Francisco, CA, for Plaintiffs.

William L. Marder, Attorneys at Law, Hollister, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DECLARE JAREK MOLKSI A VEXATIOUS LITIGANT AND DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TRUMBULL, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs Jarek Molski ("Molski"), an individual, and Disability Rights Enforcement, Education Services: Helping You Help Others ("DREES"), a California public benefit corporation, brought suit under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 and various California State Statutes.[1] Plaintiffs allege that: Molski is a person with a disability; the Rapazzini Winery is a place of public accommodation, subject to the requirements of Title III of the ADA and the requirements of California Civil Code § 54; on or about May 20, 2003, Molski was a guest of the Rapazzini Winery for purposes of wine tasting; the winery contained no handicapped van accessible parking, the tasting counter height exceeded the Americans with Disabilities Act Guidelines for Buildings and Facilities ("ADAAG"); the restroom was not accessi-

ble; and Molski injured himself during attempted transfers to and from the toilet. Under the ADA, Plaintiffs seek injunctive relief compelling Defendants to make the winery accessible and attorney's fees. Under the state causes of action, Plaintiffs seek injunctive relief, attorney's fees, punitive damages, damages of $4,000 per day until Defendants remove all barriers to access, and general and compensatory damages.

On December 9, 2004, Senior United States District Judge Edward Rafeedie in the Central District of California declared Molski a vexatious litigant. *Molski v. Mandarin Touch Restaurant,* 347 F.Supp.2d 860 (C.D.Cal.2004). On January 12, 2005, Defendants brought a motion to declare Molski a vexatious litigant in this district and a motion to dismiss Plaintiffs complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. VEXATIOUS LITIGANT ORDER

■ Under the All Writs Act, 28 U.S.C. § 1651(a), district courts "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir.1999); *see also. Fink v. Gomez,* 239 F.3d 989 (9th Cir.2001) (Court has inherent power to sanction willful or reckless conduct when combined with either frivolousness, harassment, or improper purpose.) Such orders, however, "should rarely be filed." *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990); *see also Weissman,* 179 F.3d at 1197 (noting that California Vexatious Litigant Stat-

1. The holding of this court is limited to the facts and the particular circumstances under-

lying the present motion.

ute limits definition of vexatious litigant to unrepresented litigants.)

Under Ninth Circuit law, a vexatious litigant order may comply with the following: (1) a plaintiff must be given an opportunity to oppose entry of the order; (2) the district court must indicate what court filings support issuance of the order; (3) the district court must find that the filings were frivolous or harassing; and (4) the order must be narrowly tailored. *De Long,* 912 F.2d at 1147–49; *Benoza v. Target Personnel Services,* 1997 WL 446232 (N.D.Cal. Jul 29, 1997). The Ninth Circuit has held that the "ordinary, contemporary, common meaning" of "frivolous" is "of little weight or importance: having no basis in law or fact." *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir.2005) (interpreting 28 U.S.C.1915(g)) (*quoting Webster's Third New International Dictionary* 913 (1993)). Similarly, Black's Law Dictionary defines "frivolous" as: "Lacking a legal basis or legal merit; not serious; not reasonably purposeful." *Black's Law Dictionary* 677 (7th ed.1999); *see also Les Shockley Racing Inc. v. National Hot Rod Association,* 884 F.2d 504, 510 (9th Cir.1989) (defining frivolous for purposes of Rule 11 as lacking a well-founded basis in fact and in law or a good faith argument for extension of law).

In declaring Molski a vexatious litigant, Judge Rafeedie used the vexatious litigant standard from the Second Circuit, which examines: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2nd Cir.1986).

The Court finds that the *Safir* tests examination of history of litigation, motive, and needless burden useful in determining whether the current filings are frivolous and the question of whether other sanctions are adequate similar to the Ninth Circuit's requirement that any pre-filing order be narrowly tailored.

### 1. Molski's ADA Claims Are Not Frivolous

Under the Ninth Circuit test, the court must find that specific filings are frivolous or harassing. Molski does not dispute that he has filed many ADA access lawsuits. Numerosity, however, is not sufficient to show that a lawsuit is frivolous or harassing. *De Long,* 912 F.2d at 1147 (Court must examine the content of filings, mere litigiousness is insufficient.) The Court has examined the contents of Molski's pleadings and finds that the ADA claims are not frivolous. As a preliminary matter, Defendants do not dispute that Molski is a disabled individual who requires a wheelchair for mobility.

Molski provides reasonable explanations for the number of violations he discovers. Molski explains that he loves to travel and often eats out three meals a day. (Molski Decl. at ¶ 11, Ex. A to Plaintiff's Request for Judicial Notice.) Wine tasting is one of Molksi's interests and points out that it is customary when wine tasting to visit many of the local wineries. (*Id.* at ¶ 15.)

Additionally, Molski provides a reasonable explanation for the number of injuries he suffers. Molski explains that, as a paraplegic, he relies entirely on his upper extremities and the strain of the improper transfers to the toilet are real injuries to him. Even though the pain might be short-lived, the cumulative effect of the

multiple injuries is to wear down his upper extremities, joints, and shoulders. (*Id.* at ¶ 19.) Molski also frequently injures his buttocks when forced to transfer to a toilet that is not configured in compliance with the ADA. Molski explains that, because he sits on his buttocks all day, bruises on his buttocks do not heal quickly or easily. When the bruising is severe, Molski is forced to lay on his stomach for two or three days in order to allow the bruising to heal. (*Id.* at ¶ 20.)

Molski supports the veracity of his claims of injury with a declaration from his treating physician, Dr. Thomas Lyle Hedge. Dr. Hedge has been Board Certified in Physical Medicine and Rehabilitation since 1981 and received a subspecialty Board Certification in Spinal Injury Medicine in 1998. (Hedge Decl. at ¶¶ 3–4, Ex. B to Plaintiff's Request for Judicial Notice.) Dr. Hedge declares that Molksi has suffered "repetitive, continuous and cumulative" trauma/physical injury to the upper extremities from confronting architectural barriers such as unpaved pathways and toilets without proper grab bars or at an improper height. Dr. Hedge opines that, although the pain may last only one or two minutes, it is an injury that is often re-aggravated by encountering additional architectural barriers. Thus, the cumulative injury will "in all probability" eventually require medical intervention including, but not limited to, rotator cuff surgery. (*Id.* at ¶ 16.)

Moreover, Defendants have not pointed to any evidence that Molski did not visit the winery. At the hearing, Defendants argued that there was no reason to believe that Molski would visit the winery again. However, Molksi explained that his cousin lives near the winery. (Molski Decl. at ¶ 11, Ex. A to Plaintiff's Request for Judicial Notice.) Thus, a future visit is a distinct possibility.

Finally, Molski argues convincingly that his past record of obtaining compliance and damages gives him an objective good faith belief in his chances. Although Judge Rafeedie concluded that the high settlement rate and Molski's failure to take any case through trial is evidence of a lack of belief of prevailing on the merits, a high settlement rate is a fact of modern litigation. Accordingly, there is no evidence that Molski lacks a good faith belief that he will prevail on the merits of most of his claims. Moreover, Molski has not caused needless expense to the federal court system because he has a right to seek redress here, even though he also seeks remedies under pendant state claims that are not available under federal law.

Accordingly, Molski's ADA claims do not lack a basis in fact or law and this court respectfully declines to follow the holding in *Mandarin Touch* that Molski's ADA claims are frivolous.

### 2. *Molski's Claim for Daily Damages is Frivolous*

Molski is seeking the daily damage under California Civil Code § 52(a), which provides for a penalty of $4,000 for "each and every offense" of the Unruh Civil Rights Act (prohibiting discrimination, including based on disability). In a case in this district in which Attorney Frankovich represented Plaintiff DREES, Judge Laporte, in a careful and well-reasoned opinion, held that daily damages were not available under section 52. *Doran v. Embassy Suites Hotel*, 2002 WL 1968166, 24 NDLRP 135 (N.D.Cal. Aug. 26, 2002). Instead, "each offense" is each time the plaintiff visits the non-compliant place of public accommodation or each specific instance in which the plaintiff is deterred from attempting to visit. *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F.Supp. 433 (N.D.Cal.1994) (Plaintiff

states a claim "where a plaintiff can prove that violations of applicable California disability access standards deterred her *on a particular occasion* from attempting to attend a place of public accommodation.") (emphasis added).

Moreover, Attorney Frankovich states in his declaration that he seeks "deterrence damages of $4,000 per day . . . in the event under certain facts they would be appropriate." (Frankovich Decl. ¶ 65.) Thus, Frankovich admits that he currently has no reason to believe that Molksi in entitled to daily damages. In fact, attorney Jennifer Stenenberg admitted at the hearing that the request for daily damages was unfounded and that newer complaints filed by the Frankovich law firm sought the $4,000 only for each specific incident of deterrence. Accordingly, the claim for $4,000 for each day until compliance has been achieved is frivolous.

### 3. *A Pre-filing Order Barring All Claims Would Not Be Narrowly Tailored*

The Ninth Circuit test requires that any restrictive pre-filing order be as narrowly tailored as possible. An order barring all future filings would be overbroad as Plaintiff's ADA claims are valid. Additionally, the lesser sanction of striking the claim for daily damages would be effective. At most, an order requiring Court permission to file a claim for daily damages would be necessary. Even this remedy, however, is not necessary. As represented by attorney Stenenberg, the most recent complaints filed by the Frankovich law firm do not claim daily damages for the time period from the filing of the complaint until compliance is achieved. Instead, complaints filed in 2005 by the Frankovich law firm seek $4,000 only for each specific

incident of deterrence. *See Moss v. Pearl Restaurant,* No. 05 Civ. 0737; *Moss v. Taqueria Cancun,* No. 05 Civ. 0738. Thus, the lesser sanction of striking the claim for daily damages is sufficient.[2] Accordingly, at this time, a restrictive pre-filing order is not required.

### III. MOTION TO DISMISS

█ Defendants move to dismiss the ADA claims. This motion is not supported by law. The existence of concurrent jurisdiction with state court is not sufficient to deny Plaintiff access to federal courts for federal claims. As Defendant has not shown that Plaintiff's ADA claims are frivolous, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is Denied.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Declare Jarek Molski a vexatious litigant is Denied;

2. The claim for daily damages of $4,000 per day is stricken; and

3. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is Denied.

█

---

2. The Court urges Attorney Frankovich to investigate whether any damage claims are currently pending in other cases for which there is no evidentiary support and, if so, to take any action necessary to remedy the situation.