Steven M. De LONG,
Petitioner–Appellant,

v.

Michael HENNESSEY,
Respondent–Appellee.

Steven M. De LONG,
Plaintiff–Appellant,

v.

Dr. Ruth MANSFIELD; Gloria Gonzales; Patricia Denning; Public Health Department of the City & County of San Francisco; and Community Mental Health Services, Defendants–Appellees.

Nos. 89–15147 to 89–15150.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 1990 *.

Decided Aug. 30, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Steven M. De Long, San Francisco, Cal., pro se.

No appearance by or on behalf of defendants-appellees.

Before HUG, SKOPIL and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

Steven M. De Long, an *in forma pauperis* litigant, appeals from a *sua sponte* order of the district court which enjoined De Long from filing any further actions or papers with the federal district court without first obtaining leave of the court's general duty judge. De Long also appeals the district court's dismissal of his habeas corpus petitions and denial of his Fed.R.Civ.P. 60(b) motion. We affirm the district court's dismissal of De Long's habeas petitions and denial of De Long's Rule 60(b) motion. However, we vacate the order enjoining further filings and remand for reconsideration of that order because: (1) the record does not show that De Long was provided with an opportunity to oppose the order before it was entered; (2) the district court did not create an adequate record for review; (3) the district court failed to make a substantive finding as to the frivolous or harassing nature of De Long's actions; and (4) the district court's order was overly broad.

## BACKGROUND

De Long seeks relief for a brief imprisonment that followed after he was found in contempt.[1] On January 22, 1987, De Long was sentenced to serve four days for violating a court-ordered injunction that prohibited him from alarming, annoying or harassing Gloria Gonzalez and Ruth Mansfield, employees of the Community Mental Health Service. On May 12, 1987, De Long was again sentenced to serve 9 days for three further violations of the injunction. De Long was released from custody on May 20, 1987 and filed these three petitions for writ of habeas corpus on October 22, 1987.

On May 4, 1988, the district court dismissed the petitions with prejudice for lack

---

1. This case stems from a 1985 incident in which De Long alleges that Dr. Ruth Mansfield had the police arrest De Long for allegedly trespassing on a public health facility. De Long was booked and released on the trespassing charge. This incident led to De Long's false imprisonment charge against Mansfield. At least six separate claims were filed in federal court, relating to De Long's relationship with Mansfield and other employees in the San Francisco Department of Public Health. De Long's cases were consolidated by this court.

De Long did not prevail on any of his claims. In fact, he was found in contempt of court for violating the court's orders to stop harassing Mansfield and others. These contempt proceedings led to De Long's imprisonment, which he now challenges.

of jurisdiction since De Long was no longer in custody. Following the court's dismissal, De Long filed a motion for reconsideration and a motion to vacate. The district court denied both. The district court held in its order dismissing De Long's motion to vacate: "There are absolutely no meritorious grounds stated for vacating these orders. It appears plaintiff is trying to reopen the actions in order to compel discovery of defendants.... [This] is not a justification for reviving a meritless [case]."

On December 21, 1988, De Long filed a motion for peremptory disqualification. He alleged that District Judges Patel and Jensen were prejudiced against him, as evidenced by their continual dismissal of his claims. On January 6, 1989, the district court filed a vexatious litigant order restricting De Long's future filings.

## I. *Habeas Petition*

We will first address the issue of the district court's denial of De Long's habeas petitions and Rule 60(b) motion.

### A. *Dismissal of Habeas Petition*

██ De Long appeals the dismissal of three habeas corpus petitions. It is a statutory prerequisite that a habeas corpus petitioner must be "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a) (1988); *see Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction. *Yasui v. United States*, 772 F.2d 1496, 1501 (9th Cir.1985). *See also Carafas*, 391 U.S. at 237–38, 88 S.Ct. at 1559 (discussing collateral consequences doctrine).

De Long filed on October 22, 1987, after being released from custody on May 20, 1987. Therefore, De Long was not "in custody" at the time he filed his habeas petitions, and his petitions were properly denied.

### B. *Denial of Rule 60(b) Motion*

██ De Long also appeals the court's denial of his motion under Rule 60(b). Because the district court lacked jurisdiction to entertain De Long's habeas petitions, De Long's Rule 60(b) motion was properly denied.

## II. *Vexatious Litigant Order*

Next, De Long appeals the vexatious litigant order entered by the district court restricting his future filing of actions or papers without leave of the court.[2] We review the district court's vexatious litigant order for abuse of discretion. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990).

The order at issue states:

### Vexatious Litigant Order

Plaintiff Steven M. De Long is hereby enjoined from filing any further action or papers in this court without first obtaining leave of the General Duty Judge of this court. In order to file any papers, plaintiff must make application for leave and the paper shall bear the caption "Application Seeking Leave to File."

The Application shall be supported by a declaration by plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of

---

**2.** Although the record does not indicate whether De Long has been denied access to the court on the basis of the vexatious litigant order, we find that we have jurisdiction to entertain De Long's appeal and that the appeal is ripe. *See Moy v. United States*, 906 F.2d 467, 469–70 (9th Cir. 1990).

this order shall be attached to any application.

Failure to fully comply with this order will be sufficient grounds for denial of the application.

We recognize that "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989). Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take. *Id.* See also *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (scope of All Writs Act includes district court's issuance of order restricting meritless cases); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982) (§ 1651(a) empowers court to give injunctive relief against vexatious litigant), *cert. denied* 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983).

■ Nonetheless, we also recognize that such pre-filing orders should rarely be filed. *See, e.g., Oliver*, 682 F.2d at 445 (an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances"); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.) ("The use of such measures against a pro se plaintiff should be approached with particular caution."), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *In re Powell*, 851 F.2d 427, 431 (D.C.Cir.1988) (per curiam) (such orders should "remain very much the exception to the general rule of free access to the courts") (quoting *Pavilonis*, 626 F.2d at 1079).

Keeping in mind the particular caution with which such orders should be issued, we remand this case to the district court to apply the guidelines we set forth below before ordering pre-filing restrictions.

### A. *Notice*

■ The first problem we see with the instant order is that De Long was not provided with an opportunity to oppose the order before it was entered. *See, e.g., Oli-*

*ver*, 682 F.2d at 446 (concluding that the district court has the power to issue such injunctive pre-filing orders in appropriate cases, but remanding so that the district court could provide plaintiff with notice and an opportunity to be heard in opposition to the order); *Powell*, 851 F.2d at 431 (before issuing a pre-filing injunction, the plaintiff should be provided with an opportunity to oppose the entry); *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984) (plaintiff's assertion that he was denied due process by the district court's issuance of a pre-filing injunction against his litigation activities was upheld when the party was given adequate notice and opportunity to be heard at a hearing on issuance of the pre-filing injunction).

"Due process requires notice and an opportunity to be heard." *Powell*, 851 F.2d at 431. Here, the record does not indicate that De Long was provided with adequate notice and a chance to be heard before the order was filed. Therefore, we remand so the court can provide De Long with an opportunity to oppose the entry of the order.

### B. *Adequate Record for Review*

The second problem we encounter is that the district court did not create an adequate record for review. *See id.; Moy*, 906 F.2d at 470. While the record may be complete with regard to the habeas petitions, it is not sufficiently developed to show that De Long is abusing the judicial system.

An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. *See Martin–Trigona*, 737 F.2d at 1270–74. At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive. *See, e.g. Wood*, 705 F.2d 1515, 1523, 1526 (35 related complaints filed); *Oliver*, 682 F.2d at 444 (over 50 frivolous cases filed); *In re Green*, 669 F.2d 779, 781 (D.C.Cir.1981) (per curiam) (over 600 complaints filed).

Here, the district court's record fails to set forth in any form the filing of cases and motions that support the conclusion that De Long's filings are so numerous or abusive that they should be enjoined. Therefore, we must remand on this basis as well.

### C. *Substantive Findings of Frivolousness*

Next, we find that before a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Powell,* 851 F.2d at 431; *see also Sires v. Gabriel,* 748 F.2d 49, 51 (1st Cir. 1984) (pre-filing injunction could not stand because magistrate stated that "petitioner has been a constant litigator" but failed to state that petitioner's claims were frivolous or brought in bad faith). To make such a finding, the district court needs to look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *Powell,* 851 F.2d at 431. *See also Moy,* 906 F.2d at 470 (A pre-filing "injunction cannot issue merely upon a showing of litigiousness.").

In the instant case, the district court held in its dismissal of the habeas petitions, and the subsequent denial of motions, that De Long lacked jurisdiction. However, the district judge made no finding that De Long's claims were frivolous. Merely because a claim lacks jurisdiction does not make the claim per se frivolous. Moreover, even if De Long's habeas petition is frivolous, the court did not make a finding that the number of complaints was inordinate.

An alternative to the finding of frivolousness is the finding that De Long's claims show a pattern of harassment. *See Powell,* 851 F.2d at 431. The district judge made no finding that De Long's claims were harassing.[3]

Absent findings of harassment or frivolousness, we cannot uphold the district court's order.

### D. *Breadth of the Order*

Another problem with the vexatious litigant order is its breadth. The order reads in pertinent part:

> Plaintiff Steven M. De Long is hereby enjoined from filing any further action or papers in this court without first obtaining leave of the general duty judge of this court.

The order has no boundaries. *Compare Moy,* 906 F.2d at 470. If we are to permit pre-filing restrictive orders, these orders must be narrowly tailored to closely fit the specific vice encountered. *See Wood,* 705 F.2d at 1523–26 (plaintiff restricted from filing new actions paralleling the issues being litigated in a case and preventing him from relitigating issues decided in two cases); *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.) (plaintiff prevented from relitigating issues pertaining to his discharge or issues which he raised in previous cases specifically named), *appeal dismissed* and *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972). Narrowly tailored orders are needed "to prevent infringement on the litigator's right of access to the courts." *Sires,* 748 F.2d at 51; *see also Wood,* 705 F.2d at 1525 (if restrictive orders are "used too freely or couched in overly broad terms, injunctions against future litigation may block free access to the courts").

Here, the order is not narrowly tailored. Accordingly, we find that the district court's order was overly broad and cannot be upheld.

### III. *Conclusion*

Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.

---

**3.** We note that in finding that a pattern of harassment exists, a district judge needs to be careful not to conclude that particular types of actions filed repetitiously are harassing. Instead, the district judge needs "to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Powell,* 851 F.2d at 431.

Nonetheless, orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived. We find such care is demanded in order to protect access to the courts, which serves as the final safeguard for constitutional rights.

We find that the district court abused its discretion in entering the vexatious litigant order. We vacate the present order and remand so the district court can apply the procedures that we have set forth above.

AFFIRMED IN PART and REMANDED IN PART.