972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L.R. BRETZ, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE'S AGRICULTURAL
STABILIZATION & CONSERVATION SERVICE, Defendant-Appellee.
 No. 91-35353.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided Aug. 11, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. The district court did not err in dismissing Bretz's complaint. Bretz never demonstrated during the administrative process that he owned the land, had a valid lease to the land, had the government's permission to farm the land or had any other right of possession to the land.
 
 
 3
 B. The district court concluded that Bretz's complaint was frivolous. As a sanction for this complaint and others which the court found were similar, the court required that Bretz obtain a lawyer or leave of court before filing any further complaints in Montana federal district court or against the Department of Agriculture. This was not an abuse of discretion under Fed.R.Civ.P. 11, see Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990) (review Rule 11 sanctions for abuse of discretion), or the court's supervisory power, see De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.) (review vexatious litigant order for abuse of discretion), cert. denied, 111 S.Ct. 562 (1990). Bretz's complaint in this case was clearly frivolous, and Bretz does not contest the district court's finding that this suit was part of "an emerging pattern." The only question is whether the sanction is appropriate to the offense committed here.
 
 
 4
 Requiring a litigant to obtain leave of court for filing any further lawsuit is a serious sanction that we will approve only when the district court has made specific findings. See id. at 1148. We need not consider whether that sanction would have been appropriate here because the district court imposed a far less serious restriction on Bretz: It required him to get court permission or retain a lawyer. Requiring Bretz to litigate through a lawyer simply imposes on him the same constraints that are placed on other litigants. Specifically, Rule 11 on its face imposes on lawyers certain obligations of diligence and good faith that are not readily enforced against non-lawyers. Bretz, in particular, is in a unique position to abuse the system: He is a lawyer by training but, having once been disbarred, is not subject to the same Rule 11 disciplinary measures that may be imposed upon other members of the bar. See, e.g., Matthews v. Freedman, 128 F.R.D. 194, 204-06 (E.D.Pa.1989), aff'd, 919 F.2d 135 (3d Cir.1990). The district court's order was well-tailored to assure that Bretz will obtain the concurrence of an independent third party--the court or his lawyer--in order to avoid the filing of further frivolous lawsuits.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since there is no indication that Bretz is destitute and cannot afford a lawyer, this is not a situation where one prong of the district court's order is illusory. Obtaining the services of a lawyer is a realistic--albeit not inexpensive--option for Bretz. There is no right to litigate frivolously on the cheap