53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bethea PARSONS, Petitioner-Appellant,
v.
Robert C. BROWER; Tom Moss; Cindy Campbell; David
Parmenter; Leroy R. Nelson; et al., Respondents-Appellees.
 No. 94-35626.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 IN PART, REVERSED IN PART.
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bethea Parsons appeals pro se the district court's dismissal of her action against numerous judges, prosecuting attorneys, public defenders, and various Idaho state officials. She also appeals from the district court's entry of a pre-filing order against her and the Parsons family. Robert Parsons, her husband, also challenges the pre-filing order as applied to him. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and reverse in part.
 
 I. Background
 
 3
 This action apparently stems from a state criminal action against Bethea Parsons for criminal trespass. The Parsons had previously owned the land, but it was foreclosed upon after the Parsons refused to satisfy their property tax obligations with anything other than "public office money certificates."[1]
 
 
 4
 Bethea Parsons commenced this action by filing a so-called "Petition for Declaratory Judgment, Petition for Redress of Grievance, and Demand for Trial by a Jury of Twelve." She claims that false criminal charges were brought against her, and that she has been unconstitutionally precluded from seeking relief by various state judges. The "petition" names as respondents an Idaho District Court Magistrate Judge, two prosecutors, her public defender, a county sheriff and police captain, a county court clerk, the district judges of the Seventh Judicial District of Idaho, the clerk of the Idaho Supreme Court, the Judges of the Idaho Supreme Court, the state Attorney General, and a deputy attorney general.
 
 
 5
 All defendants answered and moved for dismissal or summary judgment. The motion was granted. In its order, the court noted that Parsons had filed at least 17 previous lawsuits relating to the foreclosure on her former property. The court directed Parsons to show cause within 20 days why an order restricting her ability to file civil actions should not be entered. After considering Parsons' response to the Order to Show Cause, the district court entered an order prohibiting Parsons or any member of her family from filing any lawsuits in the District of Idaho relating to the facts or issues raised in this action without leave of court.
 
 
 6
 Although not a party to this action, Robert Parsons filed a notice of appeal. On December 8, 1994, we granted Robert Parsons leave to appeal in forma pauperis the district court's judgment. We also construed his opening brief as the opening brief of both Robert and Bethea Parsons.
 
 II. Discussion
 
 7
 We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Orders imposing pre-filing requirements are reviewed for abuse of discretion. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990).
 
 A. Declaratory Judgment Act Claims
 
 8
 Parsons' complaint asserts claims under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201-02. According to Parsons, the district court erred in concluding that it lacked subject matter jurisdiction. We reject the argument.
 
 
 9
 It is fundamental that 28 U.S.C. Sec. 2201-02 "simply create remedies; they are not independent bases for federal jurisdiction." California Dump Truck Owners Ass'n v. Associated Gen. Contractors, 562 F.2d 607, 609 n. 1 (9th Cir.1977); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950).
 
 
 10
 Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts or claims whose resolution "are inextricably intertwined with a state court's decision. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). This doctrine applies even when the challenge to the state court decision involves alleged deprivations of due process and equal protection. Feldman, 460 U.S. at 484-86. In such cases, state appeals procedures must be exhausted, whereupon a dissatisfied litigant may seek review by the United States Supreme Court. Worldwide Church of God, 805 F.2d at 891.
 
 
 11
 Parsons' complaint asserts that her public defender and various judges and officials of the State of Idaho conspired to bring false criminal charges against her. Because Parsons' claims necessarily implicate issues addressed in the state-court proceedings, they are "inextricably intertwined" with the state court judgment. The district court could not evaluate the claims without conducting an impermissible review of the state court's determination. Feldman, 460 U.S. at 476. The district court properly concluded that it lacked jurisdiction to entertain Parsons' claims under the Declaratory Judgment Act.
 
 B. Sec. 1983
 
 12
 Consistent with its obligation to liberally construe pro se pleadings, the district court considered whether Parsons' complaint asserts a cognizable claim under 42 U.S.C. Sec. 1983.
 
 
 13
 To recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (footnote omitted). There is no record evidence that Parsons' state-court conviction or sentence has been reversed or otherwise invalidated. The defendants cannot therefore be liable under Sec. 1983. Heck, 114 S.Ct. at 2373. The district court properly granted summary judgment to defendants.[2]
 
 C. Order Restricting Filings
 
 14
 A district court has the power to enjoin litigants who have lengthy histories of abusive litigation. 28 U.S.C. Sec. 1651(a); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990). An order imposing pre-filing review conditions must satisfy the following requirements: (1) the party must have had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. De Long, 912 F.2d at 1147-48.
 
 
 15
 As applied to Bethea Parsons, the district court's order meets the De Long requirements. She was given 20 days to show cause why a pre-filing order should not be entered. In the order directing Parsons to show cause, the district court listed each of Parsons' 17 previous filings related to the issues presented in this case. The court specifically found that each action was frivolous and harassing.
 
 
 16
 The district court's order is also narrowly tailored to remedy the problem presented by Bethea Parsons' filings. The order prevents her from filing, without prior leave of court, any civil action that raises issues substantially similar to the issues presented in this litigation. In seeking leave of court, Parsons must certify that the claims she wishes to present are brought in good faith and have never been raised and addressed in her previous filings. The order is no broader than necessary to meet the problem. See De Long, 912 F.2d at 1147-48.
 
 
 17
 Although the pre-filing order is appropriate as applied to Bethea Parsons, we must reverse with respect to Robert Parsons. He was not a party to this action. It is therefore unclear whether he received notice and an opportunity to respond. Further, the district court did not make a specific finding as to previous frivolous litigation by Robert Parsons as required under De Long. The same is true of the other members of Bethea Parsons' family.[3]
 
 
 18
 AFFIRMED, except that the application of the district court's pre-filing order is limited to Bethea Parsons and is therefore VACATED with respect to Robert Parsons and the additional members of the Parsons family.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As noted by the district court, public office money certificates are putative promissory notes with no recognized value. They are used by those who believe that only gold and silver coins are legal currency. The certificates promise to pay in currency when a "proper" official determination is made as to the authorized currency substitute for gold and silver. See Federal Land Bank of Spokane v. Parsons, 777 P.2d 1218 (Idaho App.1989)
 
 
 [2]
 Even if the conviction was set aside, some or all of the defendants would have absolute or qualified immunity from a suit under Sec. 1983
 
 
 [3]
 Our holding does not, of course, preclude the district court from entering a pre-filing order against Robert Parsons or other members of the Parsons family should they engage in frivolous and harassing litigation