**In re: George POPE; Gina
Pope Debtors.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Cornel Chiralia; Teresa
Pope, Appellants,

v.

Karl T. Anderson, Trustee; Sandra L.
Bendon; Fred W. Taylor; Wesley N.
Taylor Company; George Pope, Gina
Pope, Quaker City Federal Savings &
Loan; Karen A. Tannheimer, Appel-
lees.

In re: George POPE; Gina
Pope Debtor.

Cornel Chiralia; Teresa
Pope, Appellants,

v.

Karl T. Anderson, Trustee; Sandra L.
Bendon; Fred W. Taylor; Wesley N.
Taylor Company; George Pope, Gina
Pope, Appellees.

In re: George Pope; Gina
Pope Debtor.

Cornel Chiralia; Teresa
Pope, Appellants,

v.

Karl T. Anderson, Trustee; Sandra L.
Bendon; Fred W. Taylor; Wesley N.
Taylor Company; George Pope, Gina
Pope, Quaker City Federal Savings &
Loan; Karen A. Tannheimer; Shawn
R. Miler, Appellees.

In re: George Pope; Gina
Pope Debtor.

Cornel Chiralia; Teresa
Pope, Appellants,

v.

Karl T. Anderson, Trustee; Sandra L.
Bendon; Fred W. Taylor; Wesley N.
Taylor Company; George Pope, Gina
Pope, Quaker City Federal Savings &
Loan; Karen A. Tannheimer, Appel-
lees.

Nos. 99–56462, 99–56493,
99–56494, 99–56496.

BAP Nos. CC–98–01888, CC–98–01235,
CC–98–01445, CC–98–01887.

United States Court of Appeals,
Ninth Circuit.

Submitted April 30, 2001.*

Decided Sept. 20, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM **

George and Gina Pope filed for bankruptcy. George's former wife, Teresa Pope, also filed a bankruptcy petition and opposed the sale of property that remained undivided pending their marital property settlement. The bankruptcy judge dismissed her petition, ordered the property sold, and limited her future filings. The Bankruptcy Appellate Panel (BAP) affirmed. We have jurisdiction over these consolidated appeals pursuant to 28 U.S.C. § 158(d), and we affirm.

## DISCUSSION

### 1. *Jurisdiction*

■ The BAP correctly reasoned that the bankruptcy court had jurisdiction over George Pope's property even though the state court had not yet fully adjudicated the marital property settlement. Under California law, until there is a lawful divi-

sion of property, all community property is property of the bankruptcy estate. *See In re Mantle*, 153 F.3d 1082, 1085 (9th Cir. 1998). We explained in that case that even though the state court adjudicating the divorce had not yet divided the property, "the proceeds from the sale of the community property house remained community property, and therefore should have been considered property of the bankruptcy estate." *Id.*

### 2. *Sale of the Property*

■ The BAP also correctly affirmed the sale of the property on the ground that appellants failed to preserve their rights by obtaining a stay of the sale. When property is sold to a good faith purchaser, the sale may not be modified or set aside unless the sale was stayed during the pendency of the appeal. *See In re Filtercorp, Inc.*, 163 F.3d 570, 576 (9th Cir.1998). A request for a stay is insufficient—the stay must have been obtained to prevent rendering an appeal moot. *See In re National Mass Media Telecommunications Sys., Inc.*, 152 F.3d 1178, 1180 (9th Cir.1998).

### 3. *Dismissal of Teresa Pope's Petition*

Teresa argues that the dismissal of her petition violates due process by denying her access to the courts. The record indicates, however, that Teresa moved to dismiss her petition and consented to the dismissal. We conclude that the bankruptcy court did not err by granting her motion after ensuring that she consented to the dismissal.

### 4. *Recusal*

Appellants do not cite to any events that would lead a reasonable person to conclude that the assigned judge in this case lacked impartiality. We agree with the BAP that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

adverse rulings are not a sufficient basis for recusal. *See Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

### 5. *Vexatious Litigant Order*

Following numerous filings by appellants, the bankruptcy court granted the trustee's motion for a vexatious litigant order. Such an order is clearly permitted, providing that the litigants receive proper notice, the record indicates a history of numerous frivolous or harassing filings, and the order is not overly broad or restrictive. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990). All of these requirements were met in this case, and accordingly, we affirm entry of the order.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.