MEMORANDUM **
R. Charles Bryfogle appeals pro se the district court’s judgment affirming the bankruptcy court’s vexatious litigant order and denying Bryfogle’s motion to appeal various bankruptcy court orders. We have jurisdiction over the appeal of the vexatious litigant order pursuant to 28 U.S.C. § 1291 and lack jurisdiction over the denial of the motion to appeal. We affirm in part and dismiss in part.
We review for abuse of discretion the entry of a vexatious litigant order. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990). The district court did not abuse its discretion because, contrary to Bryfogle’s contention, the bankruptcy court provided Bryfogle notice and an opportunity to be heard before entering the order. See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990).
We lack jurisdiction over Bryfogle’s contentions regarding the district court’s denial of his motion to appeal because the district court determined the orders Bryfogle attempted to appeal were interlocutory. See Security Pac. Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir.1992) (a district court’s decision on an interlocutory appeal from a bankruptcy court is not final and therefore not appeal-able to the courts of appeal).
We deny Bryfogle’s “Motion for Order Granting Relief from Simultaneous Proceedings on the Same Subject Matter” filed May 14, 2003 and Bryfogle’s “Motion for Order Addressing Bankruptcy Court Order” filed June 2, 2003.
AFFIRMED in part, DISMISSED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.