Patrick R. MCMAHON, Plaintiff—Appellant,

v.

**PIER 39 LIMITED PARTNERSHIP;**
**et al., Defendants—Appellees.**

No. 04–15021.

United States Court of Appeals,
Ninth Circuit.

Submitted: June 14, 2005.*

Decided: June 22, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Patrick R. McMahon appeals pro se the district court's judgment dismissing his action against Pier 39, Bay Marina Management, Inc., and the City and County of San Francisco ("defendants"), and the district court's orders granting defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11 and motion to enter a vexatious litigant order against McMahon. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 596–97 (9th Cir.2004), and the district court's determination that res judicata applies, *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998). We review for abuse of discretion a vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990), an award of Rule 11 sanctions, *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir.2003), and denial of a motion for leave to amend, *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). We affirm.

The district court properly determined that all but one of McMahon's claims were proscribed by the doctrine of res judicata. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077, 1084 (9th Cir.2003).

The district court properly dismissed McMahon's remaining claim for failure to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state a claim upon which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6). McMahon did not allege that the defendants acted to cause his vessel to sink, and did not establish that defendants owed him a duty to rescue his sinking vessel. *See* Cal. Civ.Code § 1986 (stating that upon termination of a lease a landlord "is not liable to the tenant ... for any loss not caused by his deliberate or negligent act.").

The district court did not abuse its discretion when it determined that McMahon is a vexatious litigant and imposed upon him a pre-filing review order. *See De Long,* 912 F.2d at 1145–48; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 (9th Cir.1983). Similarly, the district court did not abuse its discretion when it found that McMahon filed this action for an improper purpose and therefore awarded reasonable attorney's fees as a sanction under Fed.R.Civ.P. 11(b)(1). *See G.C. & K.B. Investments,* 326 F.3d at 1110–11.

Finally, the district court did not abuse its discretion when it denied leave to amend as amendment would have been futile. *See Johnson,* 356 F.3d at 1077.

McMahon's remaining contentions are without merit.

We deny all pending motions as moot.

AFFIRMED.