Rodolfo VELASQUEZ, Plaintiff—
Appellant,

v.

ALAMEDA COUNTY SUPERIOR
COURT; et al., Defendants—
Appellees.

No. 05-15049.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Rodolfo Velasquez, San Francisco, CA, pro se.

___

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**910**

Tom Blake, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Rodolfo Velasquez appeals pro se the district court's judgment dismissing for lack of subject matter jurisdiction his 42 U.S.C. § 1983 action challenging the constitutionality of previous state court orders in an adverse possession claim and declaring him a vexatious litigant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003), and we affirm.

Velasquez requested that the district court declare as void the California state court decision awarding attorneys fees against him, and declaring him a vexatious litigant. Velasquez's federal suit is a forbidden de facto appeal of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp,* 544 U.S. 280, 125 S.Ct. 1517, 1521, 161 L.Ed.2d 454 (2005). Therefore, the district court properly dismissed the action under the *Rooker–Feldman* doctrine. *Id.*

The district court did not abuse its discretion in entering a pre-filing review order against Velasquez because he had notice that the district court was considering entering such an order and had an opportunity to oppose it. *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990). In addition, the district court specifically identified numerous filings by Velasquez that the district court found to be frivolous and repetitive and the order is narrowly tailored to "prevent infringement on [Velasquez's] right of access to the courts." *Id.* (citation omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

