UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD W. LEWIS,

    Plaintiff-counter-defendant
    - Appellee,

  v.

TYRONE DUFF; LINDA DUFF,

    Defendants-counter-claimants
    - Appellants,

  and

DAVID ANTONUCCIO; et al.,

    Defendants.

No. 08-17314

D.C. No. 3:99-cv-00386-LRH-
RAM
District of Nevada,
Reno

ORDER

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges

The memorandum disposition filed on November 23, 2010, is withdrawn. A

replacement memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no

judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.

App. P. 35.

Tyrone and Linda Duffs' petition for panel rehearing and petition for

rehearing en banc are denied.

No further filings shall be accepted in this closed appeal.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD W. LEWIS, | No. 08-17314 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:99-cv-00386-LRH-RAM |
| v. | |
| TYRONE DUFF; LINDA DUFF, | MEMORANDUM* |
| Defendants-counter-claimants - Appellants, | |
| and | |
| DAVID ANTONUCCIO; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 16, 2010**

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Tyrone and Linda Duff appeal pro se from the district court's judgment imposing monetary sanctions and entering a pre-filing review order against them under its inherent power. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We vacate and remand.

The district court did not clearly err by finding that the Duffs engaged in bad faith conduct by willfully refusing to appear at hearings and by filing duplicative and frivolous documents, and thus the court had the inherent power to sanction them. *See Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001). The Duffs' contentions that the district court lacked jurisdiction to sanction them or jurisdiction over the action are without merit.

However, we vacate the $23,149.98 sanction imposed. The sanction was criminal in nature, because it was intended to punish the Duffs for their conduct and to vindicate the court's authority, not solely to compensate plaintiff or coerce the Duffs into compliance with a court order. *See F.J. Hanshaw Enters.*, 244 F.3d at 1137-38. The amount of the sanction was a "serious criminal penalt[y]." *See id.* at 1138. Because the sanction was criminal in nature and the amount was a

"serious" penalty, the Duffs were entitled to the full due process protections of a criminal jury trial, *see id.*, which they did not receive. On remand, the district court may reinstitute criminal sanction proceedings so long as the Duffs are provided the requisite protections. *See id.* at 1141-42. Alternatively, the district court may impose a monetary sanction that is civil in nature or not "serious," without further proceedings, because the Duffs were previously given adequate notice and an opportunity to be heard. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110-12 & n.7 (9th Cir. 2005).

We also vacate the entry of the pre-filing review order. On remand, the district court should consider whether *De Long v. Hennessey* allows imposition of a pre-filing review order against a defendant, and if so, the court should expressly address the *De Long* factors in determining whether to impose a pre-filing review order against the Duffs. *See* 912 F.2d at 1147-48.

The Duffs shall bear their own costs on appeal.

**VACATED and REMANDED.**