**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN E. CAMPBELL, | No. 10-57057 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07183-GAF-JC |
| v. | |
| DR. ALEXANDER STEIN & BURL, M.D., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Carmen E. Campbell appeals pro se from the district court's order

dismissing her medical malpractice action for lack of subject matter jurisdiction

and entering a pre-filing order against her as a vexatious litigant. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 n.6 (9th Cir. 2004), and for an abuse of discretion a vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We affirm.

The district court properly dismissed Campbell's action for lack of subject matter jurisdiction because Campbell's claims against the named defendant all arose under California state law and she conceded before the district court that there was no diversity of citizenship. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (federal question jurisdiction arises under 28 U.S.C. § 1331 if a federal right or immunity is an essential element of plaintiff's claim or if state law claim raises a disputed and substantial federal issue); *Kuntz*, 385 F.3d at 1181 (28 U.S.C. § 1332 requires complete diversity of citizenship between the parties); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (party is bound by concession to the district court notwithstanding contrary position on appeal).

The district court did not abuse its discretion in entering a narrowly-tailored vexatious litigant order against Campbell with notice and opportunity to be heard based on her history of filing similar meritless actions against the defendant to try to avoid the adverse consequences of a prior state court ruling. *See De Long*, 912

F.2d at 1147-48 (setting forth factors for the entry of a pre-filing order against a vexatious litigant under court's inherent authority to curb abusive litigation).

Campbell's remaining contentions are unpersuasive.

**AFFIRMED.**