**NOT FOR PUBLICATION**

APR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL KELMAR, JD and MSEE, | No. 13-55596 |
| Plaintiff - Appellant, | D.C. No. 12-cv-06826-PSG-RGK-SH |
| v. | |
| BANK OF AMERICA CORPORATION; SELECT PORTFOLIO SERVICING; HARBOR VIEW MORTGAGE LOAN TRUST 2006-12; WELLS FARGO BANK LTD., as Trustee; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; ALLEN MATKINS LECK GAMBLE MALLORY AND NATSIS LLP; GINA ALBERTSON; JUDGE PHILIP GUTIERREZ; JUDGE FINK; REAL TIME RESOLUTIONS; JUDGE DONNA GECK, | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| CHERYL KELMAR, JD and MSEE, | No. 13-55741 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-06826-PSG-RGK-SH |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BANK OF AMERICA CORPORATION; SELECT PORTFOLIO SERVICING; HARBOR VIEW MORTGAGE LOAN TRUST 2006-12; WELLS FARGO BANK LTD., as Trustee; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ALLEN MATKINS LECK GAMBLE MALLORY AND NATSIS LLP; BRYAN CAVE LLP; JOHN LAURITSEN; GINA ALBERTSON; PHILIP GUTIERREZ, Judge; FINK, Judge; REAL TIME RESOLUTIONS; DONNA GECK, Judge,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 10, 2015[**]
Pasadena, California

Before: KLEINFELD, BENAVIDES[***], and HURWITZ, Circuit Judges.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

2

Proceeding pro se, Cheryl Kelmar brought claims against the above defendants.[1] After the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court entered an order dismissing Kelmar's case. Additionally, the district court entered an order declaring Kelmar to be a vexatious litigant pursuant to Local Rule 83-8. Kelmar appeals both of the district court's orders.

A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed de novo. Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007). However, we cannot review the district court's dismissal of Kelmar's complaint because Kelmar did not provide a copy of her complaint to this court, as she was required to do. See Circuit Rules 30-1.1(a), 30-1.4(c)(i). Thus, Kelmar has procedurally defaulted any claimed error on this issue. See, e.g., In re Perez, 30 F.3d 1209, 1218 (9th Cir. 1994) ("[F]ailure to present a sufficient record can itself serve as a basis for affirmance."). The record does not suggest that, were this defect cured, Kelmar could state any cause of action. Her claims, to the extent we can discern them, appear to be meritless.

---

[1] Kelmar is represented by counsel on appeal but was not represented by counsel in the district court proceedings.

We review the district court's vexatious litigant order for abuse of discretion. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "Normally, we reverse under the abuse of discretion standard only when the district court reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record." Kode v. Carlson, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam).

The district court issued an order to show cause as to why Kelmar should not be declared a vexatious litigant because Kelmar had in the past three years sued over her home mortgage four times in federal court and had filed numerous motions in those lawsuits. In its order to show cause, the district court gave Kelmar an opportunity to oppose entry of the vexatious litigant order. The district court indicated what motions supported issuance of a vexatious litigant order and made findings that those filings were frivolous or harassing. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (listing factors to be considered before issuing a vexatious litigant order). Kelmar did not file a response to the order to show cause. The district court then properly issued a vexatious litigant order. That order is narrowly tailored, as it allows Kelmar to file further lawsuits over her home mortgage so long as she provides the court with

4

security as to each defendant against whom she wishes to proceed. On this record, it cannot be said that the district court abused its discretion in declaring Kelmar to be a vexatious litigant.[2]

**AFFIRMED.**

---

[2] We deny Bank of America's motion to take judicial notice as moot.