**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN RINGGOLD-LOCKHART; et al., | No. 15-55045 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-01725-R-PLA |
| v. | |
| COUNTY OF LOS ANGELES, JOHN A. CLARKE, in his Official and Administrative Capacity as Executive Officer of the Superior Court of the County of Los Angeles; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Attorney Nina Ringgold and her son Justin Ringgold-Lockhart ("the Ringgolds") appeal from the district court's order declaring them vexatious litigants and imposing a pre-filing condition. We previously vacated the district court's initial vexatious litigant pre-filing order and remanded for further proceedings. *See Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1067 (9th Cir. 2014). On remand, the district court issued a revised order, again declaring the Ringgolds vexatious litigants and imposing a narrower pre-filing condition. As the parties are familiar with the facts, we do not recount them here. We review for an abuse of discretion, *see id.* at 1062, and we affirm.[1]

1.      When a district court seeks to impose a pre-filing restriction, it must: (1) give the litigants notice and an opportunity to be heard; (2) "compile an adequate record for appellate review"; (3) "make substantive findings of frivolousness or harassment"; and (4) "tailor the order narrowly." *Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

Here, the district court did not abuse its discretion in issuing a revised vexatious litigant pre-filing order. Our prior determinations that the district court

---

[1]We grant the parties' requests for judicial notice "to the extent [that they are] compatible with Fed. R. Evid. 201 and 'do[] not require the acceptance of facts subject to reasonable dispute.'" *Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1190 n.1 (9th Cir. 2013) (citation omitted).

provided sufficient notice and an opportunity to be heard, and that the district court compiled an adequate record for appellate review, are still accurate. *See id*. at 1063-64. Contrary to the Ringgolds' contention, none of the errors identified in our prior opinion required the district court to provide a further opportunity to be heard on remand.

In its revised order, the district court corrected the errors we identified regarding its substantive findings of frivolousness or harassment. *See id*. at 1064-66. For example, in our prior opinion, we faulted the district court for including Ringgold-Lockhart in the pre-filing restriction because there was no indication that he played a part in related state court litigation. *See id*. at 1066. In its revised order, the district court detailed Ringgold-Lockhart's participation in the state court litigation. Likewise, the district court followed our guidance to consider alternative less restrictive sanctions. *See id*. at 1065.

Finally, the district court heeded our admonishment that the scope of its initial pre-filing restriction was too broad in several respects. *See id*. at 1066-67. The district court narrowed the scope of the pre-filing restriction, such that there is now a sufficiently "close fit between the terms of the injunction and the problem it purports to address." *Id*. at 1067.

Accordingly, the district court acted within its discretion in declaring the Ringgolds vexatious litigants and imposing a pre-filing condition.

2.     We also deny the Ringgolds' request that this court recall its mandate in three prior appeals.  "We have the inherent power to recall our mandate in order to protect the integrity of our processes, but should only do so in exceptional circumstances."  *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007).  Here, the Ringgolds have not shown that there are exceptional circumstances that warrant recalling the mandates.

**AFFIRMED**.