**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF JOHNSON CLARK and
ESTATE OF LOUISE H. CLARK,

        Plaintiffs,

 and

PETER CARSON CLARK,

        Plaintiff-Appellant,

  v.

WILLIAM HORWICH; et al.,

        Defendants-Appellees.

No.    12-17064

D.C. No. 3:12-cv-00137-CRB

MEMORANDUM[*]

ESTATE OF JOHNSON CLARK;
ESTATE OF LOUISE H. CLARK,

        Plaintiffs,

 and

PETER CARSON CLARK,

        Plaintiff - Appellee,

No.    12-17577

D.C. No. 3:12-cv-00137- CRB

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

WILLIAM HORWICH; et al.,

          Defendants - Appellants,

 and

JON BERKLEY MANAGEMENT, INC.;
et al.,

          Defendants.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted March 1, 2016[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Plaintiff Peter Clark appeals the district court's dismissal of his amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err by dismissing Clark's claims that arose before he filed for Chapter 11 bankruptcy. "[T]he bankruptcy trustee [has] the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino County*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

*Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006). Clark does not have standing to bring those claims.

Clark's only post-petition claim is his RICO claim, and the district court did not err by dismissing it. To prove a RICO claim, Clark had to show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). Clark alleged that Defendants engaged in various types of mail fraud, wire fraud, and bankruptcy fraud. These charges can serve as RICO predicate acts, but here, Clark did not provide sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Clark did not properly allege any predicate acts by Defendants, and because the district court correctly decided that any amendments would be futile, the district court did not err by dismissing his RICO claim.

The district court properly denied Clark's motion to compel arbitration under the Federal Arbitration Act (FAA). "[T]he FAA does not itself confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards, nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331." *United States v. Park Place*

3

*Associates, Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009) (citation omitted). Having dismissed Clark's RICO claim—his only basis for federal jurisdiction—the district court did not err by denying Clark's motion to compel arbitration. For the same reason, the district court did not err in dismissing Clark's state law claims without prejudice.

Last, the district court did not abuse its discretion by denying Defendants' motion for a prefiling order. A prefiling order is an "extreme remedy" that should be used "only in exigent circumstances," *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), and we cannot say that the decision not to impose one in the proceedings below was an abuse of discretion.

AFFIRMED.