**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2067**

DORA L. ADKINS,

        Plaintiff - Appellant,

    v.

WHOLE FOODS MARKET GROUP, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-01023-AJT-JFA)

Submitted: January 28, 2020               Decided: February 26, 2020

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Dora L. Adkins, Appellant Pro Se. Christopher Eric Humber, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dora L. Adkins appeals from the district court's September 19, 2019, order issuing a prefiling injunction,[*] which was ordered in response to her civil actions filed in the Eastern District of Virginia against Whole Foods Market Group, Inc. ("Whole Foods") and a variety of actions filed in the district and in state court in Virginia. Adkins argues that the injunction is too broad. We vacate the district court's order and remand for further proceedings.

We review the district court's issuance of a prefiling injunction for abuse of discretion. *Cromer*, 390 F.3d at 817. This "drastic remedy" must be used in a manner "consistent with constitutional guarantees of due process of law and access to the courts." *Id.* Accordingly,

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

---

[*] We previously affirmed the district court's January 2018 orders dismissing Adkins' civil action against Whole Foods and denying reconsideration but vacated the portion of the court's dismissal order imposing a prefiling injunction against Adkins on the bases that the court failed to consider all the factors mandated by *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004), and failed to afford Adkins notice and an opportunity to be heard before imposing the injunction and remanded for further proceedings. *Adkins v. Whole Foods Mkt. Grp., Inc.*, 732 F. App'x 238, 239 (4th Cir.) (No. 18-1102), *cert. denied*, 139 S. Ct. 646 (2018).

*Id.* at 818. Even where a prefiling injunction has been deemed warranted pursuant to a consideration of the above factors, the district court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue. Absent this narrowing, a prefiling injunction . . . will not survive appellate review." *Id.* (internal citations omitted).

Here, the district court afforded Adkins notice and an opportunity to be heard before imposing the prefiling injunction, and Adkins does not identify any reversible error in the district court's consideration of the *Cromer* factors. Nevertheless, we conclude that the injunction is defective for being overbroad. It prevents Adkins from filing any further claims—in related or unrelated cases—against Whole Foods or "any other defendant" in the district without obtaining the services of a practicing attorney or leave of court. This language "has no boundaries." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (reaching conclusion in case where order prohibited litigant from filing any further action without first obtaining leave of court). Thus, the terms of the injunction are not "narrowly tailored" to the circumstances giving rise to the injunction. *See Cromer*, 390 F.3d at 819 (holding that prefiling injunction barring future filings in unrelated cases in district court constitutes overbroad and impermissible restriction).

Accordingly, we vacate the injunction and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*