NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FIRST INTERSTATE BANK,

      Plaintiff - Appellee,

  v.

WALL STREET APARTMENTS LLC,

      Defendant - Appellant,

----------------------------------------

ALAA ELKHARWILY,

      Interested Party - Appellant.

No. 24-3641

D.C. No.
2:24-cv-00154-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted September 29, 2025 [**]

Before: O'SCANNLAIN, BERZON, and N.R. SMITH, Circuit Judges

Alaa Elkharwily appeals pro se from the district court's order imposing pre-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

filing restrictions and awarding attorney's fees against him. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 547 (9th Cir. 2018) (award of attorney's fees under 28 U.S.C. § 1447(c)); *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (pre-filing restrictions). We affirm.

1. "Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart*, 889 F.3d at 1061 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Id.* at 1062 (internal citations and quotations omitted).

The district court did not abuse its discretion by entering a pre-filing order requiring Elkharwily and his attorney to obtain leave of the court before filing additional notices of removal in a state-court receivership action. First, the district court provided sufficient notice and opportunity to oppose the order by giving

Elkharwily fourteen days to respond, which he did not do. Second, the district court compiled an adequate record for appellate review, listing the four times that Elkharwily and his attorneys filed untimely, unjustified, and substantively identical notices of removal. Third, the court made findings of frivolousness and harassment by explaining that Elkharwily and his attorney had filed four substantively identical motions for removal, despite the court's repeated explanation as to why the notices were deficient. Fourth, the district court's pre-filing order was narrowly tailored because it prevented Elkharwily and his attorney "from filing only the type of claims [they] had been filing vexatiously," and did not "deny [them] access to courts on any … claim that is not frivolous." *Id.* at 1066.

2. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552.

The district court repeatedly explained why Elkharwily's notices of removal were deficient, yet he and his attorney continued to file substantively identical notices. The district court did not abuse its discretion by awarding Wall Street Apartments, by and through its state-court receiver, $3,950.00 in attorney's fees

incurred as a result of notices of removal that Elkharwily filed without an objectively reasonable basis.

We decline to consider additional issues as outside the scope of this court's order issued on August 30, 2024 (Docket Entry No. 15).

**AFFIRMED.**