Anthony P. KEYTER, Plaintiff–
Appellant,

v.

John McCAIN, Senator; et al.,
Defendants–Appellees.

No. 06–15253.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Anthony P. Keyter, Gig Harbor, WA,
pro se.

Grant R. Vinik, Esq., Patricia Mack
Bryan, Office of Senate Legal Counsel,
Washington, DC, for Defendants–Appel-
lees.

Before: LEAVY, GOULD, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Anthony P. Keyter appeals pro se from
the district court's judgment dismissing his
action alleging that Senator John McCain
and thirty other government defendants
conspired to commit 1.6 million crimes
against him. We have jurisdiction under
28 U.S.C. § 1291. We review de novo,
*Rivera v. United States*, 924 F.2d 948, 950
(9th Cir.1991), and we affirm.

The district court properly dis-
missed Keyter's common law tort claims
because the Federal Tort Claims Act
("FTCA") is the exclusive remedy for
claims against employees of the United
States for injuries arising from their negli-
gent or wrongful acts or omissions while
acting within the scope of their office or
employment. *See* 28 U.S.C. §§ 2674,
2679(b)(1); *F.D.I.C. v. Craft*, 157 F.3d 697,
706 (9th Cir.1998) ("The FTCA is the ex-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

**802**

clusive remedy for tortious conduct by the United States, and it only allows claims against the United States"). Because Keyter neither sued the United States nor alleged that he exhausted his administrative remedies, his tort claims against defendants were properly dismissed for failure to comply with the FTCA. *See id.* at 706. Contrary to Keyter's claim that he has sued defendants in their personal, and not official, capacities, the allegations in Keyter's complaint make clear that Keyter sued defendants based on acts or omissions within the scope of their federal offices.

■ The district court properly dismissed Keyter's claims based on federal criminal statutes because statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability. *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam) (finding no civil liability under criminal conspiracy statutes).

The district court did not abuse its discretion by prohibiting Keyter from filing future claims arising from the subject matter of this case because the court made substantive findings of frivolousness, and the order was narrowly tailored to curb the abuses of this particular litigant. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

Keyter's remaining contentions regarding judicial bias are not supported by the record.

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.