**David William PEABODY, Plaintiff—Appellant,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

Nos. 07–15692, 07–16468.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008 *.

Filed Jan. 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

County Attorney's Office Division of County Counsel, Joseph A. Daguanno, Esq., Olson Jantsch & Bakker PA, Michelle Joan Roddy, Esq., Sandra Jean Creta, Esq., Quarles & Brady Streich Lang LLP, Phoenix, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM **

David Peabody appeals pro se the district court's dismissal of the amended complaint and entry of a vexatious litigant order. We review the dismissal de novo and the vexatious litigant order for abuse of discretion. *See Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir.2004); *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990).

On October 17, 2007, Peabody filed a response to the order to show cause in appeal No. 07–15692. On November 8, 2007, Peabody filed a notice in appeal No. 07–15692. Because these filings also apply to consolidated appeal No. 07–16468, the Clerk shall file the response to the order to show cause and the notice in the consolidated appeal.

We have reviewed the record, the opening brief, and the response to the court's order to show cause. Summary affirmance is appropriate because the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,*

David William Peabody, Buckeye, AZ, pro se.

Richard G. Patrick, Richard F. Albrecht, Esq., Office of the Arizona Attorney General, James J. Osborne, Georgia A. Staton, Jones Skelton & Hochuli, PLC, Charles I. Kelhoffer, Esq., Ridenour, Hienton, Harper & Kelhoffer, PC, Daniel Paul Beeks, Esq., Mohr Hackett Pederson Blankley & Randolph, PC, Michael G. Sullivan, Esq., Rebecca C. Salisbury, Esq., Maricopa

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

■ The district court properly dismissed the amended complaint for lack of subject matter jurisdiction to the extent Peabody's action amounted to a "forbidden de facto appeal" of a state court judgment. *See Maldonado,* 370 F.3d at 949–950 (explaining that "if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal court."). The district court also properly concluded that the statute of limitations and res judicata barred Peabody's claims. *See Hernandez v. City of El Monte,* 138 F.3d 393, 401–402 (9th Cir.1998) (statute of limitations bars complaint if "plaintiff can prove no set of facts that would establish the timeliness of the claim") (citations omitted); *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997) ("res judicata ... bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.").

■ Further, the district court did not abuse its discretion in issuing a vexatious litigant order against Peabody. The district court narrowly tailored the order, detailed Peabody's record of repeatedly litigating the same controversy, and considered Peabody's response to the motion to declare him a vexatious litigant and his Rule 60(b) motion. *See De Long,* 912 F.2d at 1147–1148. We reject Peabody's contention that the district court's vexatious litigant order violates his due process rights. The order applies only to claims stemming from his 1984 arrest and his

unsuccessful state and federal lawsuits that followed.

Peabody's remaining contentions lack merit.

Accordingly, we summarily affirm the district court's judgment.

All pending motions are denied as moot.

**AFFIRMED.**