MEMORANDUM **
Pepi Schafler appeals pro se from the district court’s judgment dismissing her actions and the district court’s entry of a vexatious litigant order. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal based on res judicata, Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002), and for lack of personal jurisdiction, Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004). We review for an abuse of discretion entry of a vexatious litigant order. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990). We affirm.
The district court properly dismissed Schafler’s actions against the bank defendants based on the doctrine of res judicata. Schafler may not relitigate whether the bank defendants conspired to convert money from a bank account that she and her then-husband jointly owned because those claims have already been litigated by the parties and ultimately decided by the New York court in favor of the bank defendants. See Schafler v. HSBC Bank USA, 23 A.D.3d 1083, 803 N.Y.S.2d 924, 925 (N.Y.App.Div.2005).
The district court properly dismissed Schafler’s action against defendants Miller and Storie for lack of personal jurisdiction. See Schwarzenegger, 374 F.3d at 800 (explaining that the plaintiff bears the burden of demonstrating that jurisdiction is appropriate).
The district court did not abuse its discretion by entering a vexatious litigant order against Schafler. Schafler received notice of defendants’ motion to declare her a vexatious litigant and was given an opportunity to respond, and the district court properly created an adequate record for review by outlining and discussing Schafler’s frivolous and harassing litigation. Moreover, the vexatious litigant order is narrowly tailored. See De Long, 912 F.2d *183 at 1147-48 (describing guidelines for vexatious litigant orders).
Schafler’s remaining contentions are unpersuasive.
Schafler’s outstanding motions and petitions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.