**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIANE WESTIN, | No. 08-56853 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-03925-R-SH |
| v. | |
| FRED NITOWSKI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Diane Westin appeals pro se from the district court's order dismissing her

diversity action arising from a property dispute with family members. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal based on res judicata.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  We review for an abuse of discretion a vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990), and an award of Rule 11 sanctions, *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).  We affirm in part and reverse in part.

The district court properly dismissed the action because Westin's claims have already been litigated, or could have been litigated, by the parties or their privies in state court.  *See Westin v. Nitowski*, No. B198460, slip op. at 2 (Cal. Ct. App. Mar. 27, 2008) (affirming California Superior Court's determination that defendants Fred and Gwen Nitowski are the holders of title to the property); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (describing elements of res judicata under California law).

We reverse the vexatious litigant order entered against Westin because the district court did not create an adequate record for review or make substantive findings as to the frivolous or harassing nature of Westin's actions, and the order restricting Westin from filing any new actions is overbroad.  *See De Long*, 912 F.2d at 1147-48.  We also reverse the district court's imposition of Rule 11

sanctions because defendants failed to comply with Rule 11's "safe harbor" provision. *See Retail Flooring*, 339 F.3d at 1150.

Westin's remaining contentions are unpersuasive.

Appellees' request for double attorney's fees on appeal is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part and REVERSED in part.**