**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAL BHATIA,

          Plaintiff - Appellant,

  v.

MAN MOHAN K. WIG and WIG
PROPERTIES, LLC,

          Defendants - Appellees,

  v.

UNITED STATES OF AMERICA,

          Movant.

Nos. 10-17089
     10-17134

D.C. No. 4:10-cv-00072-SBA

MEMORANDUM[*]

Appeals from the United States District Court
for the Northern District of California
Sandra B. Armstrong, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these appeals are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In these appeals, Lal Bhatia appeals pro se from the district court's summary judgment in his action alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and state law claims, and defendants appeal from the district court's decision to deny their motion for entry of a vexatious litigant order against Bhatia. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010), and for an abuse of discretion the decision denying the motion for a vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We affirm.

The district court properly granted summary judgment on Bhatia's RICO claim because Bhatia failed to raise a genuine dispute of material fact as to whether the alleged predicate acts proximately caused an actionable injury. *See* 18 U.S.C. § 1964(c) (requiring injury to business or property in order to establish a civil RICO claim); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) ("To have standing under civil RICO, [the plaintiff] is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury. Proximate causation . . . requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" (citation omitted)).

The district court properly granted summary judgment on Bhatia's fraud and

abuse of process claims because Bhatia filed his complaint after the applicable statutes of limitations elapsed, and failed to raise a triable dispute as to whether equitable tolling applied. *See* Cal. Civ. Proc. Code §§ 335.1, 338 (the statute of limitations is two years for personal injury actions and three years for fraud actions); *id.* at § 352.1(a) (if a person is imprisoned on a criminal charge when a cause of action accrues, the applicable statute of limitations is tolled for up to two years during imprisonment).

The district court did not abuse its discretion in denying Bhatia's motion to expedite discovery because Fed. R. Civ. P. 26(f) is inapplicable to pro se prisoner actions, and because Bhatia failed to serve discovery requests or meet and confer with defendants before filing his motion. *See* Fed. R. Civ. P. 26(a)(1)(B) ("an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from the initial disclosure requirement); Fed. R. Civ. P. 37(a) (establishing the meet-and-confer requirement and circumstances warranting the filing of a motion to compel); *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (standard of review).

The district court did not abuse its discretion by denying defendants' motion for entry of a vexatious litigant order against Bhatia because the proposed order was not narrowly tailored to prevent Bhatia's abusive behavior. *See De Long*, 912

F.2d at 1148 (pre-filing orders must be narrowly tailored to problem at issue).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The parties' motions for judicial notice are granted, and defendants' request to strike Bhatia's reply brief is denied.

Bhatia's remaining contentions, including those concerning his motion for leave to reconsider a discovery order and his motion to commence disciplinary proceedings, are unpersuasive.

**AFFIRMED.**