**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRIS R. JONES, Sr., | No. 12-16659 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00282-KJD-CWH |
| v. | |
| LAS VEGAS VALLEY WATER DISTRICT; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 19, 2013**

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Terris R. Jones, Sr., appeals pro se from the district court's judgment

dismissing his employment action alleging race discrimination, harassment, and

retaliation under Title VII. We have jurisdiction under 28 U.S.C. § 1291. We

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Ortez v. Washington County, Or.*, 88 F.3d 804, 807 (9th Cir. 1996). We affirm.

The district court properly dismissed the individual employee defendants because individual employees cannot be held liable under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

The district court properly dismissed Jones' race discrimination and retaliation claims because Jones failed to allege facts sufficient to show that he was subjected to an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000) (elements of prima facie case of retaliation under Title VII, including "adverse employment action"); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124-26 (9th Cir. 2000) (elements of prima facie case of discrimination under Title VII, including "adverse employment action"). Moreover, Jones failed to exhaust his administrative remedies regarding his first, second, and fifth causes of action. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-100 (9th Cir. 2002) (Title VII plaintiffs must exhaust administrative remedies, and courts may only consider incidents not listed in the original EEOC charge if they are "like or reasonably related to the allegations contained in the EEOC charge" (citation and internal quotation marks omitted)).

The district court properly dismissed Jones' harassment claims because

Jones failed to allege facts sufficient to show that he was subjected to conduct that was sufficiently severe or pervasive to alter the conditions of his employment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-44 (9th Cir. 2004) (requirements for racial harassment under Title VII); *Ray v. Henderson*, 217 F.3d 1234, 1245-46 (9th Cir. 2000) (requirements for retaliatory harassment under Title VII).

The district court did not abuse its discretion by denying Jones leave to add claims under 42 U.S.C. §§ 1981 and 1983 because amendment would have been futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and noting that futility can justify denial of leave to amend).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Jones' state law claims because no federal claims remained. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion by entering a pre-filing order against Jones after giving him notice and an opportunity to be heard, developing an

adequate record for review, making findings regarding Jones' frivolous and harassing litigation history, and tailoring the restriction narrowly. *See De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (setting forth standard of review and factors for entry of a pre-filing order).

Jones' contentions regarding judicial bias and the district court's denial of his outstanding motions as moot are unpersuasive and unsupported by the record.

**AFFIRMED.**

12-16659