**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMAN CLAVON, III, <br><br>         Plaintiff - Appellant, <br><br>    v. <br><br> ROSCOE BK RESTAURANT, INC. and DALE MAE, <br><br>         Defendants - Appellees. | No. 12-55786 <br><br> D.C. No. 2:10-cv-04908-JHN-PLA <br><br><br> MEMORANDUM[*] |
| HERMAN CLAVON, III, <br><br>         Plaintiff - Appellant, <br><br> GLENN A. MURPHY, <br><br>         Appellant, <br><br>    v. <br><br> ROSCOE BK RESTAURANT, INC. and DALE MAE, <br><br>         Defendants - Appellees. | No. 13-55137 <br><br> D.C. No. 2:10-cv-04908-ABC-PLA |

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Herman Clavon entered a Burger King restaurant with his dog "Knight" and was denied service under the restaurant's "no dogs" policy. Alleging that he is disabled and that the dog was a service animal, Clavon filed a complaint making state and federal claims for race and disability discrimination. The district court granted summary judgment for the defendants on the grounds that Clavon failed to show he was disabled or that the dog was a service animal, and failed to present any evidence that his exclusion from the restaurant was motivated by racial animus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Federal law defines a "service animal" as "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104; *see also* Cal. Civ. Code § 54.1(b)(6)(C)(iii) (defining "service dog" as "any dog individually trained to the requirements of the individual with a disability"). "The work or tasks performed by a service animal must be directly related to the individual's disability." 28 C.F.R. § 36.104.

2

The district court found that "the record is devoid of any competent evidence creating a triable issue of fact that Knight was trained to perform tasks to help Plaintiff manage his disability." When asked at his deposition to specify how Knight assisted Clavon in managing his disabilities, Clavon was vague and evasive. Despite repeated questions, Clavon failed to specify the particular tasks Knight was trained to perform. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

It was not until the defendants filed a motion for summary judgment that Clavon submitted a declaration alleging that Knight was trained to pull Clavon's wheelchair and to carry things in a pack, and that Clavon could hold Knight's leash to help with balance. "'[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (quoting *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1462 (9th Cir. 1985)). Although a party is permitted to clarify prior

3

testimony elicited by opposing counsel on deposition, *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009), a party may not embellish prior deposition testimony "solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (discussing the scope of corrections to depositions allowed under Fed. R. Civ. P. 30(e)). The differences between the allegations in Clavon's declaration and his prior non-responsive deposition answers are not "minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence" that should be overlooked by the sham affidavit rule. *Van Asdale*, 577 F.3d at 999 (internal quotation marks omitted). We therefore conclude that the district court did not err by finding that Clavon failed to establish a triable issue of fact concerning the tasks Knight was trained to perform.

The district court also did not err by granting summary judgment to the defendants on Clavon's claims for racial discrimination under the Unruh Civil Rights Act. Throughout his briefing and complaint, Clavon cited no evidence of racial discrimination other than that he is "an African American who was refused meal service at a public restaurant." Clavon argues this is enough for a prima facie showing of racial discrimination, and now "the burden shifts to the defendant to

4

prove it had a legitimate non-discriminatory reason for the adverse action."
*Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006). The defendants have met this burden: they claim to have excluded Clavon because of his dog, and Clavon has not shown this reason was pretextual. We conclude the district court did not err by granting summary judgment on Clavon's racial discrimination claims.

We further hold the district court did not err by granting summary judgment to the defendants on Clavon's claim for intentional infliction of emotional distress. This claim was premised on the same factual allegations underlying his claims of disability and racial discrimination. Clavon failed to show that the defendants engaged in "extreme or outrageous conduct" by enforcing its "no dogs" policy. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (laying out elements of claim for intentional infliction of emotional distress).

Finally, we turn to the consolidated appeal in this case. We review an order granting attorney's fees and the entry of a pre-filing order for abuse of discretion. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Because the district court did not err by granting summary judgment to the defendants, it did not abuse its discretion by granting attorney's fees against Clavon. We also conclude that the district court did not abuse its discretion by entering a pre-filing order in light of

5

the serious evidence of vexatious conduct in this case.  The pre-filing order does not prevent Clavon's attorney, Glenn Murphy, from filing suit or engaging in the practice of law.

**AFFIRMED.**