
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1043-LSTa |
| SHMUEL ERDE, | Bk. No. 2:18-bk-20200-VZ |
| Debtor. | |
| SHMUEL ERDE, | |
| Appellant, | |
| v. | **MEMORANDUM**<sup>*</sup> |
| CAROLYN A. DYE, | |
| Appellee. | |

Submitted Without Argument on October 24, 2019
at Pasadena, California

Filed – November 15, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

<sup>*</sup>This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

---

Appearances:    Appellant Shmuel Erde, pro se on brief; Appellee Carolyn A. Dye, pro se on brief.

---

Before: LAFFERTY, SPRAKER, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Debtor Shmuel Erde appeals the bankruptcy court's order dismissing his chapter 11[1] case, declaring him a vexatious litigant, and requiring court permission to file any new bankruptcy case or certain motions.

This appeal represents yet another chapter in the ongoing saga of Mr. Erde's neverending efforts to obtain relief related to a partnership failure in 1984. He has been declared a vexatious litigant in California state courts and in the United States District Court for the Central District of California, and, before the bankruptcy court declared him a vexatious litigant in the main bankruptcy case–the matter on appeal here–the court declared him a vexatious litigant in two related adversary proceedings.

In 1984, Mr. Erde lost his assets in a failed real estate project. In 2001, he began a litigation campaign that included at least six lawsuits in state

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

and federal courts, five bankruptcy cases, and at least nineteen adversary proceedings in the bankruptcy court. He has collected some money in two settlements but otherwise has been completely unsuccessful. All of his lawsuits have been dismissed with prejudice, his motions for post-judgment relief have been denied, and his appeals have failed.

The bankruptcy court did not err in dismissing Mr. Erde's chapter 11 case, as Mr. Erde did not demonstrate a legitimate bankruptcy purpose in filing the case. And the bankruptcy court did not abuse its discretion in declaring Mr. Erde a vexatious litigant. Accordingly, we AFFIRM.

## FACTUAL BACKGROUND [2]

In 1983, Mr. Erde and his wife owned an aging building at a prime location across the street from the University of California Los Angeles. To redevelop the property, Mr. Erde formed a partnership, Westwood Plaza North (the "Partnership") with Theodor Bodnar, who offered his experience developing real estate and his extensive financial contacts.

Before securing financing for the redevelopment project, Mr. Erde and Mr. Bodnar obtained a short-term interim loan, backed by a guarantor

[2]In this memorandum, we have borrowed from the Panel's detailed decision in *Erde v. Dye (In re Erde)*, BAP No. CC-18-1321-FLS, 2019 WL 2399708 (9th Cir. BAP June 9, 2019), as well as the bankruptcy court's findings and conclusions and copies of earlier rulings discussing the extensive history of Mr. Erde's many cases that were attached to the court's order to show cause. We have also exercised our discretion to review the bankruptcy court's docket and the available public record in Mr. Erde's many cases. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

(Patrick Moriarty) and a deed of trust on the property, to pay off a maturing loan on the real property. Mr. Erde had to pledge the property, his personal residence, and several other investment properties as security for the interim loan.

Before Mr. Bodnar could arrange a long-term loan, the interim loan became due. Unfortunately, Mr. Moriarty was insolvent and could not repay the loan. As a result, the lender initiated foreclosure proceedings against the property, Mr. Erde's residence, and his investment properties. Mr. Erde desperately tried to find alternative financing to pay off the interim loan. But in March 1984, Mr. Bodnar's attorney recorded a lis pendens against the property, which clouded the title and prevented Mr. Erde from securing alternative financing.

Mr. Bodnar then filed a chapter 11 bankruptcy petition on behalf of the Partnership. Mr. Erde lost any chance of securing financing to pay off the interim loan; as a result, he lost all of his pledged assets. The bankruptcy court eventually dismissed the Partnership's bankruptcy case.

Mr. Erde initiated personal bankruptcy cases in 1984 and 1996 in the Central District of California. The appellate record does not explain the disposition of those cases, and those case files are no longer readily available.

A.     State and Federal District Court Litigation

Beginning in 2001, Mr. Erde began a campaign of litigation in which

he attempted to pursue claims against Mr. Bodnar and his attorneys, among others, in an effort to recover his losses resulting from the failure of the Partnership.

- In 2001, he sued Mr. Bodnar, his attorneys, and others, in California superior court. That court dismissed the complaint with prejudice, ruling that Mr. Erde's claims were barred by the statute of limitations. The California Court of Appeal affirmed.

- In 2003, Mr. Erde filed a nearly identical lawsuit, this time in federal district court. The district court dismissed Mr. Erde's complaint with prejudice, and the Ninth Circuit affirmed on preclusion grounds.

- In 2005, Mr. Erde returned to state court seeking declaratory relief on behalf of the Partnership against some of the same defendants. The superior court dismissed the lawsuit on the ground that Mr. Erde was a nonlawyer impermissibly representing the Partnership.

- In 2006, Mr. Erde moved for a new trial in the 2001 state court litigation. The superior court denied that motion.

- Later in 2006, Mr. Erde filed another complaint in state court against the same defendants, alleging essentially the same causes of action raised previously. The superior court dismissed Mr. Erde's complaint with prejudice on preclusion grounds.

Again, the California Court of Appeal affirmed, and then denied Mr. Erde's motion for rehearing. Not to be discouraged, Mr. Erde returned to the superior court and moved for a new trial, which was denied. The court also denied Mr. Erde's subsequent motion for reconsideration. Mr. Erde again appealed; the court of appeal dismissed the appeal and denied a subsequent petition for reconsideration and rehearing.

- In 2009, Mr. Erde attempted to resurrect the 2006 state court litigation by arguing that he had been suffering from a "severe condition of mental derangement" for the prior three decades and thus should be allowed to relitigate all issues. The superior court denied the motion and granted the defendants' motion to declare Mr. Erde a vexatious litigant. Mr. Erde lost his appeal of those orders, as well as his motions for rehearing. He sent a letter to the presiding judge, and the court warned him not to contact it again.

- In 2011, Mr. Erde returned to the superior court to file successively a motion to strike the vexatious litigant order, a motion for a new trial, a motion for declaratory relief, and a motion to void the vexatious litigant order. The superior court denied all requested relief.

- In the meantime, Mr. Erde obtained two state court judgments

6

against Mr. Moriarty totaling $450,000 (the "Moriarty Judgments") arising from an unrelated business transaction.

**B.     The 2009 Bankruptcy Case**

In 2009, Mr. Erde filed a chapter 11 petition in which he initiated sixteen adversary proceedings, three of which were against parties with which Mr. Erde had previously entered into a settlement of all claims. The bankruptcy court granted those parties summary judgment and denied Mr. Erde's motion for a new trial. In 2011, the case was converted to chapter 7, and Carolyn Dye was appointed trustee.

During the chapter 7 phase of the case, Ms. Dye settled the estate's claims against certain parties (the "Singer Settlement") for $5,000. Mr. Erde did not oppose the settlement, and the bankruptcy court approved it. Mr. Erde later filed motions to amend the Singer Settlement, which the bankruptcy court denied. Mr. Erde appealed those denials to the BAP, which affirmed.

Mr. Erde and Ms. Dye subsequently filed claims against each other. Mr. Erde's complaint alleged that Ms. Dye had mishandled the Singer Settlement by releasing claims he might have against the Singer Parties in connection with the Moriarty Judgments. Ms. Dye's complaint alleged breach of fiduciary duty, unjust enrichment, and breach of quasi-contract based on Mr. Erde's conduct as a debtor-in-possession during the chapter 11. They eventually settled those claims, with Mr. Erde receiving

7

$10,000 from the bankruptcy estate.

In October 2012, Mr. Erde filed a motion in the bankruptcy court to reopen the Partnership's 1984 bankruptcy case and associated adversary proceedings against Mr. Bodnar and his attorneys. The bankruptcy court denied the motion. Mr. Erde then filed a motion to alter or amend the 1984 order dismissing the Partnership's bankruptcy case, which the court also denied.

On appeal, the district court affirmed and denied Mr. Erde's subsequent motion for reconsideration. Mr. Erde filed a request for leave to file a motion for sanctions against Mr. Bodnar's attorneys. The district court denied his request. Mr. Erde filed another motion to amend the final judgment and a request to refer the matter to the United States Attorney for criminal investigation. The district court denied Mr. Erde's motions and granted the attorneys' motion to declare him a vexatious litigant.

In late 2013, Mr. Erde received a discharge, and the case was closed.

## C.    The 2014 Bankruptcy Case

Mr. Erde filed a chapter 13 petition in June 2014. He dismissed it a few weeks later.

## D.    The 2018 Bankruptcy Case and Adversary Proceedings

Mr. Erde initiated his fifth bankruptcy case in August 2018 (the "2018

Bankruptcy Case") by filing a chapter 11 petition pro se.[3] His originally filed schedules asserted that he had assets of ten billion dollars or more, including approximately $26 million worth of claims to recover his interest in the Partnership, a monthly income of $1,074, and monthly expenses of $3,370. He listed only two creditors on Schedule E/F that held nonpriority unsecured claims totaling approximately $100,000. He subsequently filed a "Notice of Scrivener's Error" claiming that his assets totaled $61,343,000, which included claims to recover fifty percent of the Partnership's assets. During the pendency of the case, he never filed a disclosure statement or plan.

Mr. Erde filed three adversary proceedings. First, Mr. Erde sued Jaime Mendoza, The Puffy Trust, David Eisenberg, and George Vetrano, seeking recovery of $52,000 as a commission for a loan Mr. Erde had arranged in 2016. The bankruptcy court dismissed the first amended complaint in that adversary proceeding without leave to amend, in part due to lack of proper service.[4] The bankruptcy court denied Mr. Erde's motion for reconsideration of that order because, by that time, the main

[3]In his appellate brief, Mr. Erde claims that the court erred in finding that the 2018 Bankruptcy Case was his fifth bankruptcy filing because PACER does not show a record of the 1984 or 1996 cases. Mr. Erde does not contend that he did not file those cases, only that they do not appear in PACER searches.

[4]The dismissal order indicates that the court also made findings at a December 6, 2018 status conference, but no transcript of that status conference appears on the bankruptcy court docket.

bankruptcy case had been dismissed. That ruling was appealed to this Panel (BAP No. CC-19-1083-GTaS) and remains pending.

Next, Mr. Erde filed a complaint against Ms. Dye, alleging that, in the Singer Settlement entered into in the 2009 bankruptcy case, she had improperly released judgments against Mr. Moriarty that had been abandoned to him. He requested that the bankruptcy court invalidate the Singer Settlement and require Ms. Dye to pay him $600,000 plus interest. In November 2018, the bankruptcy court dismissed the adversary proceeding against Ms. Dye and declared Mr. Erde a vexatious litigant. The court also ordered Mr. Erde to pay Ms. Dye $12,771 in sanctions. Mr. Erde appealed, and in June 2019, this Panel affirmed. *In re Erde*, 2019 WL 2399708.[5]

Finally, Mr. Erde filed a complaint against Theodor Bodnar, Mary Louisa Bodnar, and The Bodnar Family Trust ("Bodnar Defendants"), which included an allegation that Mr. Bodnar had concealed Partnership assets during the Partnership's 1984 bankruptcy case. Mr. Erde sought, among other things, a declaration that he was entitled to 50 percent of the Partnership assets and an order voiding the dismissal of the Partnership's bankruptcy case. The court dismissed the adversary proceeding with prejudice in January 2019 because the claims and allegations therein had previously been litigated and thus were barred by preclusion doctrines. The court also declared Mr. Erde a vexatious litigant and enjoined him

---

[5]Mr. Erde appealed the Panel's decision to the Ninth Circuit Court of Appeals.

from filing any further claims against the Bodnar Defendants without court permission. Mr. Erde appealed that order to this Panel; that appeal (CC-19-1022-GTaS) remains pending.

On November 30, 2018, after entering the vexatious litigant order in the Dye adversary proceeding, the bankruptcy court issued an order to show cause ("OSC") why Mr. Erde's chapter 11 case should not be dismissed and for him to be declared a vexatious litigant in the bankruptcy court and enjoined from filing without court permission any future requests for relief against the "Opposing Parties."[6]

In the OSC, the bankruptcy court recounted Mr. Erde's litigation history and noted that Mr. Erde had been declared a vexatious litigant in California superior court and in federal district court. The bankruptcy court opined that the 2018 Bankruptcy Case had been filed "primarily to commence litigation in hopes of achieving a result he has not achieved in these prior proceedings and actions, and Erde intends to achieve this result in bankruptcy court where he has not previously been declared a vexatious litigant."

---

[6]Those parties were identified in the OSC as Wallace P. Moriarty, Theodor N. Bodnar, Mary L. Bodnar, Bodnar Family Trust, Terrence Cooney, Cooney & Cooney, James Woldorf, John Brink, Irsfeld Irsfeld & Younger LLP, American General Resources Inc., Ventura Pacific Builders Inc., Bodnar & Sons, Inc., Marine Midland Bank, Russel Singer, Adobe Oil Development, Port Properties Inc., Eastern Savings Bank, Pebble Creek Realty Inc., Commonwealth Land Title Company, Crown Plaza Development LLC, Jesus Ulbaldo Magana, Lorena B. Magana, Golden West Foreclosure Services Inc., Carolyn A. Dye, John B. Taylor, and Livia A. Trauber.

11

Attached to the OSC were two exhibits. Exhibit A consisted of a 2008 decision of the Court of Appeal of the State of California affirming the superior court's ruling sustaining the defendants' demurrer in Mr. Erde's 2006 lawsuit against the Bodnars and others.[7] Exhibit B to the OSC was a Civil Minute Order dated January 13, 2016, entered by the U.S. District Court for the Central District of California, in which that court declared Mr. Erde a vexatious litigant.[8]

Mr. Erde timely filed a response to the OSC, arguing that the case satisfied the purposes of the Bankruptcy Code because he intended to pursue recovery of assets that were allegedly fraudulently transferred out of the Partnership's bankruptcy estate without being disclosed or administered. He argued that the bankruptcy court was not bound by

---

[7]In that decision, the court of appeal concluded that the claims brought in the 2006 lawsuit were the same as those litigated in the 2001 superior court lawsuit that Mr. Erde had lost both at the trial level and on appeal. The court of appeal also noted that in 2003 Mr. Erde had brought those same claims in federal district court, which had ruled against him and had been affirmed by the Ninth Circuit. The court of appeal rejected Mr. Erde's argument that the claims brought in the 2006 case were not identical because it agreed with the superior court that Mr. Erde had altered his account of the facts, without explanation, to create a "supposedly new twist." Accordingly, the court of appeal affirmed the superior court's finding that Mr. Erde's 2006 complaint was a "sham pleading."

[8]The district court matter was Mr. Erde's appeal from the bankruptcy court's 2013 ruling denying Mr. Erde's motion to alter or amend the order to dismiss the Partnership's 1984 bankruptcy case. After the district court had affirmed the bankruptcy court's ruling, Mr. Erde filed in the district court several motions, including a motion to amend, to refer the matter to the United States Attorney, and to disqualify counsel. The district court denied all of the relief sought by Mr. Erde.

12

decisions of the California courts so that preclusion doctrines did not bar the relief he sought. Finally, he asserted that he was not a vexatious litigant because, although he had filed multiple lawsuits and motions, the claims he asserted therein were meritorious and pursued in good faith.

Mr. Erde also filed a document entitled "Request for Permission by a Vexatious Litigant to File Declaration of Shmuel Erde in Support of Erde's Objection to the Bankruptcy Court's Evidence as Applied to the Within Bankruptcy Case."[9] The "declaration" consisted of: (1) a memorandum of points and authorities arguing that his case should not be dismissed and he should not be declared a vexatious litigant, for the same reasons cited in his response; and (2) a 33-paragraph declaration, of which only one paragraph had any relation to an evidentiary objection. That "objection" pertained to Exhibit B to the OSC, the U.S. District Court Civil Minute Entry. Mr. Erde stated with respect to that exhibit, "[b]y including it in the OSC, the Bankruptcy Court must be viewing the Minutes and its conclusions as admissible evidence."

Ms. Dye filed a response in which she argued that the bankruptcy case provided no meaningful opportunity for Mr. Erde to reorganize and

---

[9]Mr. Erde apparently interpreted the bankruptcy court's order declaring him a vexatious litigant in the Bodnar adversary proceeding as requiring him to request permission to file the declaration. The bankruptcy court denied the motion for permission as unnecessary because it found that the declaration was not governed by the Bodnar vexatious litigant order.

was filed only to harass the parties he had been suing for many years. She also pointed out numerous additional examples of Mr. Erde's vexatious conduct, including his failure to comply with the court's sanctions order, his motion to disqualify her, and his filing of numerous motions for findings of fact and conclusions of law that were without merit and did not comply with local rules.

After a hearing on February 19, 2019,[10] the bankruptcy court entered its findings and conclusions and an order dismissing the bankruptcy case and declaring Mr. Erde a vexatious litigant. The order enjoins Mr. Erde from filing in bankruptcy court any of the following without first obtaining a court order granting permission: (1) a petition to commence any new bankruptcy case; (2) a motion to vacate an order dismissing the current case; (3) a motion to reopen the current case; (4) a motion for additional findings and conclusions; and (5) a motion under Rules 9023 or 9024. The order also relieves the Opposing Parties from filing a response to any unauthorized pleading filed by Mr. Erde. Mr. Erde timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

---

[10]Mr. Erde did not include a transcript of the February 19 hearing in his excerpts of record.

## ISSUES

Whether the bankruptcy court abused its discretion in dismissing Mr. Erde's chapter 11 case.

Whether the bankruptcy court abused its discretion in declaring Mr. Erde a vexatious litigant.

## STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to dismiss a chapter 11 case and its decision to declare a party a vexatious litigant. *Caviata Attached Homes, LLC v. U.S. Bank (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 43 (9th Cir. BAP 2012) (case dismissal); *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (vexatious litigant).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

**A.      The bankruptcy court did not err in dismissing the chapter 11 case.**

The bankruptcy court may dismiss a chapter 11 case "for cause." 11 U.S.C. § 1112(b). "Cause" is not defined in the Bankruptcy Code, but it is

well settled that a lack of good faith in filing a chapter 11 case is a basis for dismissal of a chapter 11 case. *Marshall Living Tr. Indenture dated October 30, 1990 v. Marshall (In re Marshall),* 721 F.3d 1032, 1047 (9th Cir. 2013). Although the bankruptcy court did not make an explicit finding of lack of good faith, such a finding is inherent in declaring a party a vexatious litigant. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (test for finding a vexatious litigant includes considering whether the litigant has engaged in vexatious, harassing, or duplicative lawsuits and whether the litigant has an objective good faith expectation of prevailing).

Here, the bankruptcy court found that dismissal was warranted because Mr. Erde had offered no legitimate explanation for why he needed to prosecute a chapter 11 case to pay his debts. The court noted that he had not filed a disclosure statement or plan of reorganization, nor had he outlined any time frame for doing so. Further, Mr. Erde did not assert that he earned revenue from significant employment or other work-related activities. His stated strategy was to generate revenue from the three adversary proceedings he filed, but all of those adversary proceedings had been dismissed. As such, the court found that there was no reason to continue the bankruptcy case or for Mr. Erde to be a debtor in any bankruptcy case based on his stated intention to attempt to reach the Partnership assets.

On appeal, Mr. Erde continues to insist that his bankruptcy case was

filed for a legitimate purpose. He contends that only the bankruptcy court has jurisdiction over the "concealed" assets from the Partnership's bankruptcy estate and thus the bankruptcy court is the proper forum to seek recovery and administration of those assets. He asserts that the bankruptcy court should have permitted the Bodnar adversary proceeding to continue to judgment, including permitting discovery, but that matter is not before us.

Indeed, most of Mr. Erde's arguments focus on what he perceives as the court's errors in dismissing the Dye and Bodnar adversary proceedings, which he contends were core proceedings and subject to the bankruptcy court's exclusive jurisdiction. As such, he argues that the bankruptcy court used "circular reasoning" by dismissing the adversary proceedings and then using those dismissals as a basis for finding that the case served no bankruptcy purpose. He believes he is an "honest but unfortunate debtor" who should be permitted to seek relief in bankruptcy court. He points out that the only party who had filed any oppositions in his 2018 Bankruptcy Case was Ms. Dye, and that the other parties listed as "Opposing Parties" had not opposed his "claims." He also notes that he has not previously sued the defendants in the Mendoza adversary proceeding.

Mr. Erde's arguments completely disregard prior adverse rulings of state and federal courts on the issue of the allegedly concealed Partnership assets. He also disregards this Panel's affirmance of the bankruptcy court's

17

dismissal of the Dye adversary proceeding on the grounds that the exact issues had been finally decided, the statute of limitations had run on those claims, and on the additional ground that the premise underlying that adversary proceeding– that the Singer Settlement disposed of the Moriarty Judgments–was wrong. As for the Mendoza adversary proceeding, this does appear to be a new claim. But Mr. Erde has not explained why he needs to pursue that claim in the bankruptcy court. In fact, in his complaint filed in that proceeding, he conceded that the matter was a non-core proceeding that could be brought in superior court.

In short, we find no abuse of discretion in the bankruptcy court's decision to dismiss the chapter 11 case. Mr. Erde's schedules indicate that he has no net income with which to fund a chapter 11 plan, and the claims he alleges constitute assets of the estate are either barred under preclusion doctrines or, in the case of the Mendoza adversary proceeding, non-core matters that may be brought in another forum. Mr. Erde has not filed a disclosure statement or plan or otherwise explained how he intends to utilize the chapter 11 process to deal with his debts.

**B.     The bankruptcy court did not abuse its discretion in declaring Mr. Erde a vexatious litigant.**

Before a court can declare a litigant vexatious and impose pre-filing restrictions, it must: (1) give the litigant notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for

appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

In evaluating the final two factors, courts must consider: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* (citing *Molski*, 500 F.3d at 1058).

Mr. Erde does not challenge the process by which the bankruptcy court declared him a vexatious litigant, and we find no error in that regard. The OSC explicitly laid out the facts and circumstances leading up to the court's decision to issue it, and the court gave Mr. Erde ample opportunity to respond to the OSC. The prohibition against filing a new bankruptcy case without obtaining court permission is severe, but in light of Mr. Erde's lengthy history of using bankruptcy cases to pursue claims that have been

19

finally decided, causing "needless expense to other parties" and imposing "an unnecessary burden on the courts and their personnel," we cannot say that the bankruptcy court abused its discretion in imposing such a ban.

Mr. Erde challenges the bankruptcy court's vexatious litigant finding on the basis that he filed the 2018 Bankruptcy Case "to address claims by his creditors, while using the Bankruptcy Code to administer his assets, which were expropriated by his obligors." He continues to assert, despite multiple rulings to the contrary, that his claims to recover the concealed Partnership assets are meritorious and must be pursued in the bankruptcy court. He points out that he has prevailed in certain litigation in state court, thus undermining the court's conclusions that all of his claims are meritless. But the fact that he prevailed in unrelated litigation at some point does not change the fact that the principal claims he seeks to prosecute have been finally decided against him.

Mr. Erde also complains that the scope of the vexatious litigant order is too broad because it includes parties that he alleges admitted their lack of opposition to his "claims" by not filing anything in the 2018 Bankruptcy Case. But the vexatious litigant order simply relieved those parties–who had previously been sued by Mr. Erde–from having to respond to any unauthorized documents filed by Mr. Erde. The fact that they did not participate in the 2018 Bankruptcy Case is irrelevant. In short, all of

Mr. Erde's arguments are meritless.[11]

## CONCLUSION

Mr. Erde has failed to demonstrate that the bankruptcy court abused its discretion in dismissing his chapter 11 case or in declaring him a vexatious litigant and imposing a pre-filing requirement. We therefore AFFIRM.

---

[11]We need not address the bankruptcy court's overruling of what it construed as Mr. Erde's evidentiary objection to the exhibits attached to the OSC. On appeal, Mr. Erde contends that he did not object to the exhibits and that they in fact are helpful to him.