**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELE GRAY, | No.  23-15983 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-00663-ESW |
| v. | |
| CTP FUNDING, | MEMORANDUM[*] |
| Defendant-Appellee. | |

| | |
|---|---|
| MICHELE GRAY, | No.  23-16016 |
| Plaintiff-Appellee, | D.C. No. 2:23-cv-00663-ESW |
| v. | |
| CTP FUNDING, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding[**]

Submitted May 21, 2025[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

In these cross appeals, Michele Gray appeals pro se from the district court's judgment on the pleadings in her foreclosure-related action, and CTP Funding ("CTP") appeals from the district court's order denying its motion for entry of a vexatious litigant order against Gray. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of claim preclusion, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), and for an abuse of discretion the decision denying the motion for a vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We affirm.

The district court properly granted judgment on the pleadings because Gray's claims were barred by claim preclusion. *See Howard v. City of Coos* Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) (setting forth requirements for claim preclusion under federal law, including that the claims were raised or could have been raised in the prior action).

The district court did not abuse its discretion by denying CTP's motion for entry of a vexatious litigant order against Gray. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014) (explaining that before issuing a pre-filing injunction, a district court must "make 'substantive findings as to the

---

\*\*\*    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

frivolous or harassing nature of the litigant's actions,'" including "finding that the number of complaints was inordinate" (quoting *De Long*, 912 F.2d at 1148)).

CTP's request for damages, attorney's fees, and double costs is denied without prejudice to a renewed request in compliance with Federal Rules of Appellate Procedure 38 and 39 and Ninth Circuit Rule 39-1.

CTP's request for attorney's fees and costs under the terms of the parties' agreements and state law is denied.

**AFFIRMED.**